ORDWAY, Trustee, Appellant, vs. GARDNER and others, Respondents.

*April 27 — May 15, 1900.*

*Wills: Construction: Trusts and trustees: Trust, when closed.*

Testator gave the income of his estate to his wife for life, the remainder in equal shares to his children H. and M. and a trustee for a third child C., in trust to pay the income to C., and if C. for seven years from and after testator's death, or at any one continuous period of time, led a moral and sober life, the trustee to convey C. his share. *Held* that, it being conceded C. had led a moral and sober life for a period of seven years, the trust was closed and his interest in the remainder became vested, irrespective of whether or not the testator's widow was living at that time.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an action for the construction of the will of Amos H. Gardner, who died testate at the city of Milwaukee, June 23, 1883, leaving a widow, *Lydia Gardner*, and three children, viz. *Henry D.*, Mary L., and *Charlie N. Gardner;* his estate, real and personal, amounting to over $100,000. By

his will, after making certain specific bequests, he gave his widow a life estate in the homestead and its contents, with the remainder in fee to his daughter Mary L. The will then proceeded as follows:

" Fifth. I will and bequeath unto my beloved wife, in addition to the foregoing, and in lieu of dower in my real estate, all of the net income, rents, and profits, and interest, and product of all of the remainder of my property and estate, real, personal, or mixed, whatever and wherever situate, without any account to be given thereof whatsoever, to be by her held and owned absolutely; and if from any accidental cause such income, interest, rents, or product shall be insufficient for her comfortable support suitable to her situation or rank in life, then, and in that case, I direct and empower my executors from time to time to pay or make over to her in the most convenient form they are able so much of the body of my estate as shall be necessary for such suitable and comfortable support of my said beloved wife, *Lydia;* and I hereby empower my executors, or the acting executor, if but one, in case it is absolutely necessary, to do so for the purpose last aforesaid, to sell and convey such of my real estate as may in his or their judgment be sold to the best advantage for said purpose, but for no other; neither the said homestead nor any part thereof shall be sold for such purpose.

" Sixth. I give, devise, and bequeath all of the remainder, rest, and residue of my said estate after the death of my said beloved wife, *Lydia*, equally, share and share alike, unto my son *Henry D. Gardner*, daughter *Mary L. Gardner*, and Frederick T. Day, their heirs, executors, administrators, and assigns, forever. The said bequest and devise to said Frederick T. Day being solely and only upon the trust following, that is to say: That he hold, keep, rent, or invest the same as in his judgment he may deem best, hereby empowering and authorizing him to sell, convey, and con-

vert realty into personalty, and to again sell and reinvest in personalty said trust estate, as in his judgment he deem best, from time to time on until said trust is closed, and that he pay over the income thereof quarterly to my son *Charlie N. Gardner* during the natural life of him, the said *Charlie N.*, and in case my said son *Charlie N.* shall reform, and for three years, in the opinion of my said trustee, lead a moral and sober life, and shall desire to go into business, then, and in that case, my said trustee shall advance and pay over to him out of the body of said trust fund a moderate capital, not exceeding one fourth of said trust fund or share; and if my said son *shall for seven years from and after my death, or at any one continuous period of time, lead a moral and sober life*, in the opinion of my said trustee, then, and in that case, to pay and deliver, deed or convey, to him the remainder of such share or trust fund; otherwise in default of such reformation and sober life, at the death of my said son *Charlie N.* said trust shall be closed, and the whole of said share or trust fund then remaining shall belong to, be conveyed, paid, or delivered unto the legal heir or heirs of him, the said *Charlie N. Gardner.* In case my said son *Charlie N.* shall die before me, the one third of said remainder so bequeathed in trust for him shall belong to, and I give and bequeath the same, to my said son *Henry D. Gardner* and my said daughter Mary L. Gardner in equal portions, share and share alike, and to their heirs and assigns, forever. The trust herein created in favor of my said son *Charlie N.* is not personal in or to said Frederick T. Day, but is intended to be and may be executed in every respect by his successor in said trust, or by any trustee appointed by any court having jurisdiction over said trust; my intention being to make a generous, and at the same time safe, provision for my said son *Charlie N. Gardner.*"

By the seventh clause he appointed his wife, *Lydia*, and Frederick T. Day executors of the will.

The facts in the case are undisputed, and are contained in the pleadings as follows: At the time of the testator's death, his widow, *Lydia*, was sixty-one years of age, and she is still alive and in good health; his son *Henry D.* was about forty years of age, *Charlie N.* about thirty-five years of age, and Mary L. about twenty years of age. The will was duly probated, and letters issued thereon to the widow alone, and the estate was thereafter settled, and an order of assignment made February 3, 1885. The estate assigned consisted of a certain amount of capital stock in an incorporated business concern, about $40,000 in notes and mortgages, three business buildings in the city of Milwaukee, and about eleven acres of land in Milwaukee county, outside of the city limits. By the order of assignment the homestead, with its contents, was assigned to the widow for life, with the remainder to Mary L.; and the residuary estate, real and personal, was assigned to the widow for life on the terms specified in the will. The daughter, Mary L., after arriving at the age of twenty-one years, made a will, devising her entire estate to her mother, and died May 26, 1886. Her will was afterwards duly probated, and her whole estate was assigned to her mother June 9, 1887. In November, 1887, *Lydia* brought action for the partition of the real estate against *Henry D.*, *Charlie N.*, and Frederick T. Day, as trustee, which action resulted in the real estate being partitioned between the parties, quitclaim deeds being executed to carry out such partition; and at the same time the parties agreed upon a division of the personal property, all of which, however, was left in the hands of Day to manage. This partition of real estate and division of personal property was all made subject to the life interest of *Lydia* under the will. Day remained in possession of the personal property until June 3, 1893, when he resigned, and the plaintiff was appointed trustee under the will in his place, and accepted the trust, and thereafter received from Day all of the personal property held by him in trust, except

$1,488.93, which was never paid over.  Since that time the trustee has paid to *Lydia* the net income received from said trust property as fast as received.

In February, 1899, the defendant *Charlie N.* and his mother, *Lydia*, claimed that *Charlie N.* had then lived a moral and sober life for seven continuous years, and that, under the terms of the will, the trust should be closed, and the remainder in the trust property should be conveyed to *Charlie N.* by the trustee, subject to the life estate of *Lydia.* The plaintiff admits that *Charlie N.* has led a moral and sober life for seven years prior to the commencement of this action, but, being in doubt as to whether the trust is thereby closed, or can be closed, before the death of the mother, brings this action for construction of the will; all of the parties in interest being made parties to the action.

The circuit judge concluded that the trust was closed, and that it was the duty of the trustee to convey the re-- mainder in the trust estate to *Charlie N.*, and entered judg- ment accordingly, from which judgment the trustee appeals.

*David S. Ordway*, appellant, *in pro. per.*

*A. G. Weissert*, for the respondents.

WINSLOW, J.  This is essentially an amicable action, but it involves a controversy which is none the less real and earnest, although there are no personal animosities existing between the parties.  The trustee entertains one view of the meaning of the sixth clause of the will in question, and the *cestui que trust* and his mother entertain a different view; and the trustee, with commendable prudence, desires an authoritative decision of the question, not from a desire to prolong his term as trustee, but so that he may be as- sured that he has performed his whole duty.

The trustee rightly says in his brief: " There is really no disputed question of fact between the parties.  Substantially the only question for determination is as to whether the time has arrived when the trust can be lawfully closed."  Further,

the trustee says: " The trustee [for the purpose of obtaining a decision upon that point] was and is willing to admit that the said *Charlie N. Gardner* has reformed, and lived a moral and sober life for a continuous period of more than seven years next prior to the commencement of the action."

The contention of the trustee, in substance, is that the trust cannot be closed until the death of the life tenant; that the seven years of sober life may be accomplished during the lifetime of the life tenant, but that it was not intended that the trustee should convey the trust property to *Charlie N.* until the death of his mother, upon the happening of which event the trustee should at once convey to the *cestui que trust* if living, and if, in the opinion of the trustee, seven continuous years of moral and sober life had then been accomplished.

On the other hand, the contention is that, when the seven years of moral and sober life are accomplished to the satisfaction of the trustee, the remainder becomes vested in *Charlie N.*, and the trustee should convey it to him, subject, of course, to the life estate in the mother.   The trial judge took the latter view of the question, and we agree with his conclusion.   The scheme of the fifth and sixth clauses of the will was evidently to give the mother a life tenancy in the whole residuum of the estate, with power of sale and consumption of the body of the estate in case of insufficiency of the usufruct for her comfortable support, and to give the remainder in equal shares to his three children.   As to *Henry D.* and Mary L., their interests in remainder clearly vested at once upon the probate of the will, subject only to the rights of the life tenant.   As to *Charlie N.*, however, his prospective interest vested in the trustee, also subject to the life estate, and subject to the contingent ripening of the remainder in fee in *Charlie N.*, and the consequent closing of the trust by seven continuous years of moral and sober life on his part.

The sole question is, Was it the intention of the testator, as expressed in his will, that this seven years could be accomplished and the trust closed during the life-time of the life tenant? We think the plain language of the will necessitates an affirmative answer to the question. That language is as follows: "And if my son shall for seven years *from and after my death, or at any one continuous period of time,* lead a moral and sober life in the opinion of my said trustee, then, and in that case," the trustee is to pay and deliver, deed or convey, to him (the son) the remainder of such share or trust fund. There seems little, if any, room for construction in these words. "*Seven years from and after my death, or at any one continuous period of time,*" standing alone, and without qualification, is certainly definite language with no uncertain meaning. To inject into it another qualification, namely, the previous death of the life tenant, would be to add a contingency which the testator did not add, and which is not necessarily implied by any other clause in the will. The remainder having thus vested in *Charles N.* by the performance of the condition named in the will, the trust is closed, and it becomes the duty of the trustee to turn over the trust estate as directed in the will.

*By the Court.*— Judgment affirmed.