## TEMPLE v. FERGUSON.

### (*Nashville.*    December Term, 1902.)

1. **SEPARATE ESTATE.** Special and active trust created by a conveyance to a trustee.

   The conveyance of property in trust for the separate use and benefit of a married woman creates a special and active trust. (*Post, pp.* 87-88.)

   Case cited and approved:   Jourolmon v. Massengill, 86 Tenn., 81.

2. **SAME.** Same. Active trust is not within the purview of the statute of uses.

   A special and active trust created by a conveyance of property to a trustee in trust for the separate use and benefit of a married woman is not within the purview of the statute of uses, and is not executed by the statute.   (*Post, pp.* 87-88.)

   Case cited and approved:   Jourolmon v. Massengill, 86 Tenn., 81.

3. **SAME.** Death of husband vests absolute title and full power of disposition in wife as a single woman.

   Property conveyed to a trustee in trust for the separate use and benefit of a married woman vests absolutely in her upon the death of her husband, with full power of disposition over it as a single woman.   (*Post, pp.* 88-89.)

   Cases cited and approved:   Beaufort v. Collier, 6 Humph., 487; Brown v. Foote, 2 Tenn. Ch., 260; Pooley v. Webb, 3 Cold., 603.

Temple v. Ferguson.

4.  **TRUSTS AND TRUSTEES.** Trustee takes estate limited to
    purposes of the trust, which being executed the trust ceases,
    and title vests in beneficiary.

Trustees take exactly that quantity of interest which the pur-
poses of the trust require, which being executed the trust
ceases. So, under a conveyance to one, "his heirs and assigns
forever," as trustees for the sole and separate use and benefit
of a married woman, upon the death of her husband, the pur-
pose of the trust is accomplished and the whole title, legal and
equitable, vests in her, with full power of disposition as a sin-
gle woman, and specifically with power to devise the same.
(*Post, pp.* 89-91.)

Cases cited and approved: Ellis v. Fisher, 3 Sneed, 231; Smith
v. Metcalf, 1 Head, 64; Rogers v. White, 1 Sneed, 68.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.
—H. H. Cooke, Chancellor.

Jas. L. Watts, for Temple.

Smith & Maddin, for Ferguson.

Mr. Justice McAlister delivered the opinion of the
Court.

The controversy in this case is over a tract of land comprising twelve acres, situated in the Nineteenth civil district of Davidson county.   It is claimed by complainants as heirs at law of Mrs. Anne Tennessee Temple, and by defendant as devisee under the will of Mrs. Temple.

The settlement of the controversy depends upon the proper construction of a certain deed of settlement.   It appears from the record that on the 26th of October, 1861, J. E. Gleaves, clerk and master of the chancery court of Davidson county, conveyed to John Taylor, trustee for Mrs. Anne Tennessee Temple, wife of C. L. Temple, the tract of land in question.   The conveyance was made upon the direction of C. L. Temple, the husband.   It conveyed "to the said John Taylor, as such trustee of Anne Tennessee Temple, and his heirs and assigns, forever, a certain tract or parcel of land in the county of Davidson and State of Tennessee, and on the south side of Neeley's Bend Turnpike, civil district No. 19, bounded as follows:  .  .  .   To have and to hold the said real estate, with all the hereditaments and appurtenances thereto belonging, to the said John Taylor, his heirs and assigns, forever, as trustee, however, of Anne Tennessee Temple, and for her sole and separate use and benefit."

John Taylor, the trustee, died many years ago, and no successor to him was appointed.   C. L. Temple, the husband, also died, leaving his wife, the said Mrs. Anne T., surviving him.   Mrs. Temple died in 1902, leaving a last

will and testament, in which she devised the land in question to her granddaughter, Mrs. Bettie L. Ferguson.

The present bill was filed by the four sons of C. L. and Anne Tennessee Temple, claiming the land by inheritance, and seeking to remove the devise made to Bettie L. Ferguson as a cloud on their title.

The theory of the bill is that Mrs. Anne T. Temple was not vested with such title as she could convey by will or otherwise. Complainants allege that upon the death of John Taylor, trustee, the legal title to the land descended to his heirs, and the bill prays that the title be divested out of them, and that the land be sold for partition among the complainants as heirs of Mrs. Temple.

A demurrer was interposed on behalf of defendant Bettie L. Ferguson, which was sustained by the chancellor, and the bill dismissed. The court of chancery appeals affirmed the decree of the chancellor.

The first question for determination is whether the conveyance to John Taylor, trustee, created an active or a mere naked, dry trust.

The law is now well settled in this State that when the trust is created, and the property conveyed to a trustee to hold for the separate use and benefit of a married woman, an active trust is thereby created. As stated by Justice Lurton in *Jourolmon* v. *Massengill,* 86 Tenn., 81, 5 S. W., 719: "Trusts for the protection of the estates of married women during coverture against their

husbands and his creditors, and the wife and her extravagance, as well as her contracts, are made every day. Such trusts are sustained upon the ground that they are intended to protect the estate during coverture, and are hence held special and active. Such a trust is not within the purview of the statute of uses, and is not executed by the statute."

The next question that arises is, what effect did the death of C. L. Temple, the husband, have upon the trust estate? The record discloses that the husband, C. L. Temple, died many years ago, and his widow did not contract a second marriage. As already stated, the property in question was conveyed by John E. Gleaves, clerk and master, to Taylor, trustee, upon the direction of C. L. Temple, the husband, and for the purpose of creating a separate estate in the wife, free from the marital rights of the husband. It is unnecessary to consider the question whether this trust would have applied to a second marriage, for no other marriage was contracted. What, then, was the nature of the trust estate at the date of the death of C. L. Temple?

In *Beaufort* v. *Collier,* 6 Humph., 487, 44 Am. Dec., 321, Judge Green quotes with approval the following language of Lord Langdale, used in *Tullett* v. *Armstrong,* 1 Beavan, 1, to wit: "Whether the gift to her separate use be made with or without the power of alienation, the restraint is annexed to the separate estate only, and the separate estate has its existence only during the coverture. While the woman is discovert the

separate estate, whether modified by restraint or not, is suspended, and has no operation, though it is capable of arising upon the happening of a marriage."

In *Brown* v. *Foote,* 2 Tenn. Ch., 260, Judge Cooper said, viz. : "There seems to be no conflict in the authorities upon this point, and Mr. Perry lays it down as law, for which he cites a number of cases, that property conveyed to a married woman, to her sole and separate use, becomes absolutely hers, and may be sold by her as soon as her husband dies; or creditors may seize it for her debts." Perry on Trusts, vol. 2, sec. 652, Second Edition.

"So, in *Pooley* v. *Webb,* 3 Cold., 603, it was held that the separate estate exists only during coverture, being suspended when the *feme* becomes discovert; and upon becoming discovert the *feme* possesses the same power of disposition over her property as other persons."

The next question that arises is in respect of the extent of the title of the trustee, and the quantity of estate he took in this land.

Where there is no remainder over, or other estate, to be preserved by trustee, does his title descend to his heirs? We think the question is answered in the leading case of *Ellis* v. *Fisher,* 3 Sneed, 231, 65 Am. Dec., 52, viz. : "The established doctrine is that trustees take exactly that quantity of interest which the purposes of the trust require. The question is not whether the testator (or grantor) has used words of limitation, or expressions adequate to carry an estate of inheritance, but

whether the exigencies of the trust demand the fee simple, or can be satisfied by any, and, and what, less estate; and therefore a devise to trustees may be either restricted or extended, as the nature and purposes of the trust require. Although the devise be expressly to the trustees and their heirs, it is well settled that if the duties imposed on them, or the purposes of the trust, require only an estate *pur autre vie* to be vested in them, their legal interest will be cut down to that extent, notwithstanding the express limitation to them in fee. This construction has been held to prevail even in the case of a deed by necessary implication arising from the object of the trust in connection with the nature of the subsequent limitations," etc.

In *Smith* v. *Metcalf,* 1 Head, 64, it was said, viz.: "It is well settled that an estate co-extensive with the duties to be performed will vest in the trustee, and he will take exactly that quantity of interest which the purposes of the trust require, which being executed, the trust estate ceases."

. Again, in *Rogers* v. *White,* 1 Sneed, 68, the headnote is, viz.: "Where an estate is settled upon a trustee for the sole use and benefit of a *feme covert,* free from the use, control, or creditors of the husband, the interest of the trustee continues no longer than the purposes of the trust demand. The object being to protect the property against the marital rights of the husband, upon his death all the purposes of the trust are accomplished."

We are therefore of opinion that upon the death of C. L. Temple the purpose of this trust was accomplished, the legal title of the trustee extinguished, and the whole title, legal and equitable, became vested in Mrs. Temple, with full power of disposition as a *feme sole*.

It follows that the devise of this property by Mrs. Temple to her granddaughter was valid, and that complainants are not entitled to recover.

The decree of the court of chancery appeals, as well as that of the chancellor, in dismissing the bill, is affirmed.