HULL v. OSBORN.

1. PERPETUITIES—CONSTRUCTION OF WILLS—RULES.

In determining whether the provisions of a will violate the rule as to perpetuities, the chief inquiry is whether the interest passing to the devisees is vested or contingent; the statutes being confined to avoiding future estates that are made more remote in their vesting than two lives in being, and such arrangements as serve to postpone them.

2. WILLS—CONSTRUCTION—PRESUMPTIONS AGAINST ILLEGALITY.

Where two constructions of a will are possible, one consistent with the law and the other inconsistent, the presumption that the testator intended to comply with the law will compel that construction which is consistent with the law to be adopted.

3. SAME—ESTATES CREATED—VESTED OR CONTINGENT—PERPETUITIES.

Where a testator, by clear and unequivocal language well designed to vest the title, disposes of the residue of his estate to his two grandchildren, providing that it shall be paid to them by the executors in certain payments every fifth year until they reach the age of 45, when the remainder shall be paid, and no estate or interest in the property is by the will conveyed to the executors, a subsequent clause providing that in case of the death of either of the grandchildren without issue before reaching the age of 45 that portion of her share which shall not have become due and payable shall belong to the survivor, does not offend the rule against perpetuities, it being the intention of the testator to vest the property in the grandchildren, subject to its being divested by their death prior to arriving at the age of 45 years.

4. PERPETUITIES—WILLS—CONSTRUCTION.

A devise of the residue of an estate to testator's grandchildren, to be paid to them in five-yearly payments until they reach the age of 45, when the remainder is to be paid, and providing further that in case of the death of both of them without issue before reaching the age of 45 that portion of the estate remaining unpaid to them shall go to certain other persons, at the utmost only postpones the vesting of the estate in the persons named for two lives in being and, therefore, does not conflict with the rule against perpetuities.

Appeal from Kalamazoo; Adams, J. Submitted October 11, 1907. ( Docket No. 37.) Decided November 5, 1907. Rehearing denied March 17, 1908.

Bill by Blanche W. Hull and Frances E. Hull against James W. Osborn, Joseph ·A. Pitkin, and Arthur L. Pratt, executors of the last will and testament of Joseph B. Wyckoff, deceased, for a construction of said will. From an order sustaining a demurrer to the bill, complainants appeal. Affirmed.

*N. H. Stewart* and *E. M. Irish,* for complainants.

*Alfred J. Mills,* for defendants.

BLAIR, J. Complainants, grandchildren of Joseph B. Wyckoff, deceased, filed the bill in this cause for the purpose of obtaining a construction of the will of their grandfather, praying that the trust created by the will be declared at an end, and that certain legacies be declared void for the reason that they were in violation of the rule against perpetuities and accumulations.

The bill of complaint alleges that Blanche W. Hull was born December 13, 1878, and Frances E. Hull, October 17, 1882; that Joseph B. Wyckoff died testate July 7, 1899; that his widow died November 28, 1905; that the said Joseph B. Wyckoff left a large estate consisting of real and personal property, amounting in the aggregate to about the sum of $350,000, as appears by the inventory of the estate on file in the probate court.

Defendants demurred to the bill of complaint. The demurrer was sustained in the circuit court and the bill dismissed. Complainants appeal to this court.

The provisions of the will necessary to be considered in determining the questions raised are the following:

"*Second.* I give, devise and bequeath to my beloved wife, Frances Charlotte Wyckoff, all the household and kitchen furniture I may die possessed of, including all pictures, the piano and silverware; also I give, devise

and bequeath to her all the clothing, ornaments and jewelry I may die seised of; also I give, devise and bequeath to her all horses, live stock, harnesses, carriages and sleighs I may die possessed of, together with all horse blankets and all other things used in or about my barn or stable, including feed and provender for live stock on hand. And it is my wish and desire, and I direct that the executors and trustees of this my last will and testament pay unto my beloved wife all the time during her natural lifetime, the sum of two hundred and fifty dollars ($250) on the first day of each month after my death, and upon the request or demand of my said wife, that my said executors pay unto her an additional amount of one hundred and fifty dollars ($150) per month for each month after such request or demand shall have been made and during her natural lifetime. And I further direct that my executors pay annually, or at such times as may be necessary, unto my said wife during her lifetime, a further sum sufficient to pay all taxes, insurance and repairs upon her home.

"The provisions herein made for my said wife are intended to be and are given in lieu of any and all dower interest my said wife might or may have or claim to have in my estate, and in lieu of all other claims or interest she may or might have or claim to have in my said estate. * * *

"*Fourteenth.* And it is my will, wish and desire, and I direct that the executors and trustees of this my last will and testament each year after my death and during the natural life of Carrie C. Rowley of Canandaigua, New York, pay unto Fred N. Rowley, of Kalamazoo, Michigan, the sum of one hundred and fifty dollars ($150) for the benefit of said Carrie C. Rowley to be by said Fred N. Rowley paid and used for the comfort, convenience, necessities and welfare of said Carrie C. Rowley.

"*Fifteenth.* And I do further give, devise and bequeath unto Fred N. Rowley, the sum of ten thousand dollars ($10,000) to be paid on or before five years from my death, and the whole or any part thereof to be paid at such times as the condition of the estate shall admit of.

"*Sixteenth.* And I do give, devise and bequeath all the rest, residue and remainder of my property to my beloved grandchildren, Blanche Wyckoff Hull and Frances Evelyn Hull, in equal portions, share and share alike to each, on the terms and conditions herein con-

tained and payable at the times and in the manner here-inafter set forth. That is to say, there shall be paid to said Blanche Wyckoff Hull when she shall arrive at the age of twenty-one years, the sum of ten thousand dollars, and when she shall arrive at the age of twenty-five years, the sum of ten thousand dollars, and when she shall arrive at the age of thirty years, the sum of ten thousand dollars, when she shall arrive at the age of thirty-five years, the sum of ten thousand dollars, when she shall arrive at the age of forty years, the sum of ten thousand dollars and the remainder of the one-half of said residue hereby devised and bequeathed to said Blanche Wyckoff Hull shall be paid to her when she shall arrive at the age of forty-five years. And there shall be paid to said Frances Evelyn Hull when she shall arrive at the age of twenty-one years, ten thousand dollars, and when she shall arrive at the age of twenty-five years, the sum of ten thousand dollars, and when she shall arrive at the age of thirty years, the sum of ten thousand dollars, and when she shall arrive at the age of thirty-five years, the sum of ten thousand dollars, and when she shall arrive at the age of forty years, the sum of ten thousand dollars, and the remainder of the one-half of said residue hereby devised and bequeathed to said Frances Evelyn Hull shall be paid to her when she shall arrive at the age of forty-five years.

"*Seventeenth.* It is further my will, wish and desire, and I hereby direct that all assets of my estate not necessary to the payment of the debts I may owe and funeral expenses and the legacies herein provided for, shall by my executors and trustees, be kept safely invested in good securities or productive inside real estate in some solid, flourishing town or city, and while I desire to leave the matter of investments to my executors, I would suggest that as nearly as can be conveniently done, that one-half be kept invested in realty and the other half in securities, and this provision shall apply to all rents, profits and accumulations that may accrue.

"*Eighteenth.* It is further my will, wish and desire, that if either of my said grandchildren shall die without living issue before arriving at the age of forty-five years, such portions of her half of said residue as hereinbefore provided as shall not have become payable at her death shall belong and be paid to the surviving grandchild at the time and in the manner it would have been paid to such deceased grandchild had she lived.

"*Nineteenth*. It is further my will, wish and desire that in the event of the death of both my said grandchildren without living issue, that all payments herein provided to be made them and which shall not have become due, shall be paid, share and share alike, to the following persons, to wit: To my brothers and sister, nephews and nieces, then living, and to the brothers and sisters, nephews and nieces of my wife, then living, except that it is expressly directed that no portion shall in any event be paid to Dr. Willis Rowley, nephew of my said wife, unless at such time, said Dr. Willis Rowley shall, in the opinion of the executors of this will, have become a reformed and useful man. And it is further herein expressly provided, anything herein contained to the contrary notwithstanding, that the portion herein intended for my sister, Esther G. Pratt, shall go to her daughter, Emily A. Metzer, in the event of the death of my said last named sister before anything hereunder would otherwise have become due to her.

"*Twentieth*. I hereby authorize and empower my executors and their successors to sell, either at public or private sale, as they shall deem best, and convey at their discretion, whenever a majority thereof shall deem it to the best interests of the estate, any realty that I may die possessed or seised of, or any realty they may purchase in the discharge of their duties, and to reinvest the proceeds as they, or a majority thereof, shall deem best. And I do further authorize and empower my executors and their successors to sell and transfer, at their discretion, whenever a majority thereof shall deem it to the best interests of the estate, any bank stock or stock in any corporation or any municipal bonds and any other securities I may die seised of and to invest the proceeds thereof as provided herein.

"*Twenty-first*. I empower the majority of my executors and their successors to pay and satisfy, or compromise, or compound, any debts owing or claimed to be owing by or from me or my estate, and any liability to which I or my estate may be alleged to be subject and to accept any composition or security, real or personal, for any debts owing to me or my estate, and to allow such time for the payment thereof as to them shall seem reasonable and generally to act in relation to the premises in such manner as they shall think expedient concerning all things which shall be owing or claimed to be owing from or to

me or my estate or be depending or arise between me or my said executors and their successors, and any other person or persons, and generally to act in relation to the premises in such manner as they, or a majority of them, shall think expedient.''

In determining whether the provisions of the will in question violate the rule as to perpetuities,—

''The chief inquiry must be whether the interest passing to them is vested or contingent. * * * The statutes restricting perpetuities are confined to avoiding future estates that are made more remote in their vesting than two lives in being, and such arrangements as serve to postpone them. In all cases where the application of the rules against perpetuities is invoked, the character of the interest as vested or otherwise is the turning consideration.'' *Toms* v. *Williams,* 41 Mich. 552.

The vesting of estates is favored by the courts, and where two constructions of a will are possible, one consistent with the law and the other inconsistent, the presumption that the testator intended to comply with the law will compel that construction which is consistent with the law to be adopted. *Foster* v. *Stevens,* 146 Mich. 131.

Having these rules in mind, we come to the consideration of the 16th paragraph of the will. The language of the paragraph is clear and unequivocal and well designed to vest the title of the residuary estate in the two grandchildren, unless there is something in the conditions stated in the 18th paragraph intended to postpone the vesting of their interests until they arrive at the age of 45. It is to be observed that no estate or interest in the property is by the will conveyed to the executors, but, as was said in *Rock River Paper Mill Co.* v. *Fisk,* 47 Mich. 212:

'' The persons named are designated executors only, and no words of grant or devise are employed to indicate a purpose that any estate should pass to or be vested in them.''

As in that case, so in this; no trust was created in the executors, nor was it necessary to enable them to carry out the terms of the will. This strengthens the interpre-

tation of the will contended for by defendants' counsel; that it was the intention of the testator to vest the property in the grandchildren, subject to its being devested by their death prior to arriving at the age of 45 years. This construction is also strengthened by the fact that the testator does not confine the grandchildren, in terms, to receiving the income of the property, but apparently gives them, if necessary, a portion of the principal, postponing payment of "*the remainder* of the one-half of said residue *hereby devised and bequeathed to said*" grandchildren, respectively, until they should arrive at the stated age. We think it must be held, from a consideration of the terms of the will and from authority, that the directions of the will provided for a vesting of the residue in the grandchildren at the death of the testator but postponed the payment of the principal or a portion thereof until they arrived at the age of 45 years, and under such construction the will does not violate the rule as to perpetuities or accumulations. *Oxley* v. *Lane*, 35 N. Y. 340; *Stone* v. *Forbes*, 189 Mass. 163; *Seaver* v. *Fitzgerald*, 141 Mass. 401; *Lunt* v. *Lunt*, 108 Ill. 307; *Dulany* v. *Middleton*, 72 Md. 67; *Simonds* v. *Simonds*, 112 Mass. 157; *Bell* v. *Scammon*, 15 N. H. 381; *Toms* v. *Williams*, 41 Mich. 562; *McCarty* v. *Fish*, 87 Mich. 48; *Cropley* v. *Cooper*, 19 Wall. ( U. S.) 167.

The 19th clause of the will, at the utmost, only postpones the vesting of the estate in the persons named therein for two lives in being and, therefore, does not conflict with the rule in question.

The decree of the circuit court is affirmed, with costs of both courts to defendants, payable out of the estate.

MCALVAY, C. J., and CARPENTER, GRANT, and MONTGOMERY, JJ., concurred.