TAYLOR *v.* RICHARDS.

1. WILLS — CONSTRUCTION — ESTATES CREATED — VESTED OR CONTINGENT.

In determining whether an estate created by a will is vested or contingent, the authorities chiefly agree in favoring the vesting of interests and in treating future interests as vested where there is any present interest in the income of the property.

2. SAME—DEVISE IN TRUST.

Where testator devised land to his grandson upon his reaching the age of 25 years, the control of the same to remain in the hands of the executors until that time, the income to be used for his support and education, and the land or its proceeds to be conveyed to him upon his reaching the prescribed age, if he should show himself worthy and of steady habits, the entire estate, under section 9263, 3 Comp. Laws, passed to the devisees, and, the executors having no beneficial interest, the entire beneficial interest passed to the grandson, the contingency applying merely to the time when he should come into full enjoyment of the estate.

3. TRUSTS—TERMINATION—STATUTES.

Where testator devised the entire estate in certain lands to his executors and his grandson, the executors taking no beneficial interest, but merely an estate in trust for the benefici-

ary, and the beneficiary died before the happening of the contingency upon which he was to receive the legal title, the purpose of the trust ceased, and under section 8851, 3 Comp. Laws, the estate of the trustee ceased, and the estate descended to the beneficiary's heirs.

Error to Genesee; Wisner, J. Submitted June 17, 1908. (Docket No. 49.) Decided July 13, 1908.

George B. Taylor and Lena E. Caldwell, administrators of the estate of William H. Davis, deceased, petitioned the probate court for the distribution of a trust fund under the last will and testament of William Davis, deceased. The petition was granted, and Sarah Richards, an heir of William Davis, appealed to the circuit court. There was judgment for petitioners, and defendant brings error. Affirmed.

*William V. Smith*, for appellant.

*Brennan & Cook* and *Black & Roberts*, for appellees.

William Davis died March 18, 1884, leaving a will dated June 23, 1883, and a codicil thereto, dated January 14, 1884. These were duly admitted to probate. His will contained the following provisions:

"I give, devise and bequeath to William H. Davis, the son of said Elmer A. Davis, the farm now owned by me in the town of Davison, being the south half of the southwest quarter and twenty acres off the south part of the north half of the southwest quarter of section ten (10), and the south half of the southeast quarter and the northwest quarter of the southeast quarter of section nine (9), all in town seven (7) north, range eight (8) east, in Davison, containing two hundred and twenty acres. Also all the farming tools, implements and stock on said farm with authority to my executors to sell such farm stock and tools and convert same into money for the use and benefit of said William H. Davis. The rents, profits and income of said farm and farm stock and tools to be used and appropriated for the support and education of said William H. Davis, and for improvements, repairs, fencing upon said

farm, the possession of said farm and farm stock, etc., or of the proceeds of a sale thereof to go to said William H. Davis upon his arriving of age of twenty-one years. * * *

"I hereby authorize and empower my executors to sell and convey any of my real estate whenever in their judgment they shall think best to do so and to keep, use and apply the proceeds as hereinbefore provided, the title thereto to go as above provided. It is further provided that in case said William H. Davis, son of Elmer A. Davis, shall become dissipated or a spendthrift, then my executors are hereby authorized and empowered to withhold any or all of the legacies and devises hereinbefore made for his benefit from him, or to such extent as they in their judgment may think best. And in case said Elmer A. Davis should also become dissipated or a spendthrift, then and in that case a like power to withhold the control or possession of the bequests and devises made for his benefit is hereby given to my said executors."

His codicil contained the following provision:

"The farm in town of Davison mentioned in the fourth item of my said will devised to William H. Davis, son of said Elmer A. Davis, I hereby devise to said William H. Davis, upon his arriving at the age of twenty-five years, instead of at once, as in said will provided, the control of same to remain in the hands of my executors until he arrives at that age, the use and income thereof to be appropriated for the support and education as in said will provided, the title thereto to remain in my executors until he arrives at twenty-five years of age, when, if he shall show himself worthy and of steady habits, my said executors shall, if they deem it safe and for his best interest, transfer and convey said farm in Davison to him, said William H. Davis, or in case they shall have previously sold said farm then they shall transfer to said William H. Davis the proceeds of any such sale of said farm, if they shall so deem it safe and for his best interest. The other provisions of said item fourth of said will not inconsistent herewith to remain in force and effect."

The testator left surviving a widow, who elected to take her dower and distributive portion under the statute. Her dower in the Davison farm above referred to was set off and admeasured to her use during her life. She afterwards joined with the executors in the sale of the farm,

and of the proceeds the sum of $3,600 was set aside for her use, and the income of the same paid to her during her lifetime. She died April 11, 1906. William H. Davis a son of Elmer, named in said will, was between the age of five and six years when testator died. At the time he reached the age of 25 years, he was an inmate of the Michigan reformatory at Ionia upon conviction of the crime of burglary. He never married, and died August 2, 1906. The petitioners are administrators of his estate and his heirs. They bring this suit to secure the fund of $3,600 above mentioned. Appellant defends this suit as the heir of William Davis. The question in the suit is whether under the will William H. Davis had such a title in the Davison farm as to descend to his heirs. The trial court held that he had and gave judgment in petitioners' favor.

CARPENTER, J. (*after stating the facts*). Did William H. Davis have a descendible estate in the Davison farm? He did if the estate in that farm vested. Did it vest? This depends on the construction of the will, particularly on the construction of the following language found in the second item of the codicil:

"The title thereto to remain in my executors until he arrives at twenty-five years of age, when, if he shall show himself worthy and of steady habits, my said executors shall, if they deem it safe and for his best interest, transfer and convey said farm * * * to said William H. Davis, or in case they shall have previously sold said farm then they shall transfer to said William H. Davis the proceeds * * * if they shall so deem it safe and for his best interest."

Does the contingency referred to in this language apply to the gift itself or merely to the time when William H. Davis shall come into its full enjoyment? If the contingency applies to the gift itself, then William H. Davis had no vested interest. If it applies merely to the time he should come into its full enjoyment, then it did vest. *Toms* v. *Williams*, 41 Mich. 552; *McCarty* v.

*Fish*, 87 Mich. 56. Did the contingency in this case apply to the gift itself, or did it merely apply to the time when William H. Davis should come into possession of the farm? This question should be answered by a construction of the will and a construction in accordance with the testator's obvious intention. Did the testator intend that William H. Davis should have no interest in the land unless, at the time he reached the age of 25 years, he should prove himself to the executors to be "worthy and of steady habits?" Whoever answers this question in the affirmative must assert that the executors had authority to withhold from William H. Davis the income of this property after he reached the age of 25 years should he prove himself unworthy and of unsteady habits. Appellant's counsel contends that they had. He insists that testator intended, in the event of William H. Davis proving himself unworthy, that the trust of the executors should cease and the property be returned to testator's heirs. Is he right? The thought of the testator is not expressed in words of precise legal terminology. For instance, there is no formal bequest of any interest in the Davison farm to the executors of testator. And yet it is clear that testator intended those executors to have a trust estate therein. They are given not merely authority to sell said farm, but its custody and control, at least until William H. Davis reaches the age of 25 years. For whom do they hold this trust estate? Manifestly, for William H. Davis, and for no one else. He is to receive the entire income during the entire time that they hold said estate, and, until he reaches the age of 25 years, he is to receive this income no matter what his personal habits may be. Did the testator intend that at that time he should receive less than the income? The will says that, when William H. Davis "arrives at 25 years of age * * * if he shows himself worthy and of steady habits," he shall receive more than the income, viz., he shall receive the possession and control of the property. This does not indicate that, if the contingency does not occur,

William H. Davis shall be deprived of the income theretofore enjoyed by him. May we presume that he so intended ? To answer this in the affirmative requires us to presume that it was the testator's intention that in that contingency the trust should cease, and the farm should pass not as a devise under the will, but as an inheritance outside of the will to testator's heirs at law. This is a most violent presumption, and, as hereafter indicated, opposed to law. It was testator's purpose to devote the farm—and by that I mean his entire interest in the farm—to the benefit of William H. Davis. Until the latter reached his maturity and proved his trustworthiness, he was to have the income and be deprived of the possession and control. The provision for withholding possession and control was obviously dictated by testator's regard for the devisee's personal interests. It was inserted through fear that the devisee might squander the principal, and thus deprive himself of the means of support furnished by the income. Its purpose was to more certainly insure to the devisee the enjoyment of his devise, and not to deprive him of it altogether. It would thwart that purpose to hold that the will authorized the executors to divert the income, if the devisee proved himself unworthy and of unsteady habits. And the court should not place that construction upon the will, unless required to do so by some rule of law. There is no such rule of law. On the contrary, the rules of law applicable to this case sustain the construction indicated in this opinion. We refer to those rules.

Says Chief Justice CAMPBELL, in *Toms* v. *Williams,* 41 Mich. 565:

"While there has been some variance among the authorities concerning the legal distinctions between vested and contingent estates, they chiefly agree *first* in favoring the vesting of interests, and *second* in treating future interests as vested where there is any present interest in the income of the property."

Section 9263, 3 Comp. Laws, reads:

"Every devise of lands in any will hereafter made shall be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate."

The construction insisted upon by the appellant in this case is prohibited by the above section, for, according to that construction, the will of testator has conveyed only a fraction of his estate in this land. It is clear to us that the testator intended by his will to bequeath his entire estate in the Davison farm. We must therefore hold that by the will the entire estate passed to the devisees therein named. Those devisees are William H. Davis and testator's executors. To the executors was bequeathed no beneficial interest. The devise to them was merely in trust. To William H. Davis was devised the entire beneficial interest. He was the sole beneficiary of the trust. When the purpose of the trust ceased, the estate of the trustee ceased. Section 8851, 3 Comp. Laws. That purpose ceased when William H. Davis died, and, he being then the owner of the entire beneficial interest, the entire estate descended to his heirs.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.