ANNA M. KAROLUSSEN et al., Appellees, v. GEORGE CHRISTIAN-SON, Appellant.

APPEAL AND ERROR: Dismissal Because of Loss of Interest. An
1    appeal will be dismissed when appellant's only interest is as a
trustee of a testamentary trust which, subsequent to the taking
of the appeal, has wholly terminated, under the terms of the
will, by the death of the *cestui que trust*.

TRUSTS: Termination by Failure of Purpose. Principle recognized
2    that a trust terminates when the purpose for which it was
created ceases to exist.

*Appeal from Story District Court.*—H. E. FRY, Judge.

NOVEMBER 11, 1919.

DEFENDANT appeals from the judgment of the court below, construing the will of Christian L. Karolussen (who died October 2, 1909), so as to give his surviving widow, to whom he bequeathed a life estate in his property, the right to sell so much thereof as may be necessary for her support and maintenance.—*Dismissed.*

*D. C. Chase,* for appellant.

*B. B. Welty, C. G. Lee, C. M. Garfield,* and *T. G. Garfield,* for appellees.

STEVENS, J.—The following paragraphs of the will in question are material and necessary to a proper disposition of the appeal:

"Second. I give, devise, and bequeath to my beloved wife, Anna M. Karolussen, the use, rents, income, and control of all my property, of every kind and nature, of which I may die seized, or be in any manner entitled to, she to have the income and control of the same during the period of her natural life (and if necessary for her com-

1. APPEAL AND ERROR: dismissal because of loss of interest.

fortable care and support, she may use so much of the principal of property, over and above the said income, as shall be necessary for that purpose), and it is my wish and request that she contribute for from the said income and property such amount as she may deem wise and best for the education, care and support of our adopted daughter, Anna M. C. Karolussen. I leave it entirely to her good judgment to do whatever she thinks best in contributing to the support of our said adopted daughter, Anna M. Karolussen.

"Third. Subject to the interest and the estate given herein to my wife, in my property, I give, devise and bequeath to Hon. George Christianson, of Randall, Iowa, in trust, however, for the purposes hereinafter named, all my property of every kind and nature, left after the death of my said wife, to be by him safely invested for the best interests of my estate, and from the net income therefrom, to use so much thereof as he shall in his best judgment deem for the best interests of my said adopted daughter, for her education, support, and benefit.

"And if my said adopted daughter shall get married, and settle down, and conduct herself in such a way as in the judgment of my said trustee she will take care of, and make good use of the said property, the same shall be transferred to her, or for her use and benefit as in his sound judgment shall be to her best interest, it being my will and desire that she have the use and benefit of my property and estate, in a manner that will be for her best interests and support.

"Fourth. In the event that my said adopted daughter dies before the death of my wife, leaving children, then the said property shall be used by my said trustee for the education, care, and benefit of such children in the same manner as provided for in Paragraph 3 hereof for my said adopted daughter, until such time as such child or children

shall arrive at lawful age, when the said property shall be transferred to said child or children of my said adopted daughter.

"Fifth. In the event that my said adopted daughter dies before the death of my said wife, leaving surviving her no child or children, then, and in that event, and subject to my wife's interest in my estate as hereinbefore stated, I hereby give, devise and bequeath my property, both real and personal, to the Norske Evangelical Lutheran Church of Hauges Synod of America, the China Mission of the Hauges Synod of America, and the Boerensens and Skrefsruts, Santhal Mission, Santalestan, India, to each an equal undivided one third, share and share alike."

Anna Panessa, referred to in the will, was the grandchild and adopted daughter of deceased, and N. J. Panessa is her husband. At the time of the trial in the court below, and until January 16, 1919, Anna Panessa was living in Chicago. On the above date, which was since this appeal was taken, she died, without issue. Thereupon, counsel for appellee filed a motion to dismiss the appeal, supported by affidavits, as required by Code Section 4151, which is as follows:

"Where appellant has no right, or no further right, to prosecute the appeal, the appellee may move to dismiss it, and if the grounds of the motion do not appear in the record, or by a writing purporting to have been signed by the appellant and filed, they must be verified by affidavit."

By reference to the above paragraphs of the will under consideration, it will be noted that testator, subject to the interest and estate given to his wife, devised all of his property, of every kind and nature, remaining after her death, to appellant, in trust for the benefit of Anna Panessa, if she survived the widow of testator, or, in case she predeceased said widow, leaving issue living at the death of the widow, then for the benefit of such living issue; but, in the

event the widow survived both Anna Panessa and her issue, if any, then, by the fifth clause of the will, he attempts to devise all of his property to the Norske Evangelical Lutheran Church of Hauges Synod of America, the China Mission of the Hauges Synod of America, and the Boerensens and Skrefsruts, Santhal Mission, Santalestan, India. The ground of appellee's motion to dismiss, therefore, is that, by the death of Anna Panessa, without issue, appellant has lost all interest in the subject-matter of the controversy, and cannot maintain this appeal.

Appellant has at no time had possession or control of any portion of the estate of testator as trustee, nor since he was discharged as executor thereof. The manifest purpose of the testator, in devising his property to appellant in trust, was that same should be properly preserved, invested, and administered for the use and benefit of Anna Panessa, or, in case of her death with issue, surviving his widow, for the benefit of such issue. The death of Anna Panessa before the decease of Anna Karolussen destroyed the possibility of another beneficiary of the trust, under the terms of the will. The purpose of the trust thereby passed away, and ceased to exist. It does not matter what interest in the property, if any, passed to the trustee under the will, as possession and control thereof depended upon the contingency that Anna Panessa or her issue should survive the widow of testator. A trust terminates immediately, when fully executed, or where the purpose thereof fails, or its execution becomes impossible, or the purpose for which it was created has ceased to exist. *In re Estate of Cornils,* 167 Iowa 196; *Ordway v. Gardner,* 107 Wis. 74 (82 N. W. 696); *Kohtz v. Eldred,* 208 Ill. 60 (69 N. E. 900); *Cary v. Slead,* 220 Ill. 508 (77 N. E. 234); *McNeer v. Patrick,* 93 Neb. 746 (142 N. W. 283); *Taylor v. Richards,* 153 Mich.

2. TRUSTS: termination by failure of purpose.

667 (117 N. W. 208); *Temple v. Ferguson,* 110 Tenn. 84 (72 S. W. 455).

It is certain now  that appellant cannot, under the terms of the will, take possession or assume control of any part of the estate, and he is discharged from all possible duties and liabilities as trustee, and without the necessity even of an accounting.  He is not, as trustee, a necessary party, nor can he have any part, as trustee, in the further distribution of the property or settlement of the estate of testator.  He was a proper party when the suit was commenced, but his interest therein terminated at the death of the *cestui que trust.*  He has not, therefore, any interest in the subject-matter of the litigation, nor is he in any wise affected or prejudiced by the decree appealed from.  Under these circumstances, only a moot or abstract question of law is presented for our consideration.  Where this is true, the appeal will, upon proper motion, be dismissed. *Faucher v. Grass,* 60 Iowa 505; *State v. Porter,* 58 Iowa 19; *Chicago, R. I. & P. R. Co. v. Dey,* 76 Iowa 278; *Hatz v. Board of Supervisors,* 173 Iowa 366; *Palmer v. Wolf,* 178 Iowa 932.

It follows that we cannot review the case upon its merits, and the motion to dismiss the appeal must be, and is, sustained.—*Dismissed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.