FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.

---

CLARK *v.* McCUE.

1. TRUSTS—STATUTES—WHEN TRUST CEASES.
    Under 3 Comp. Laws 1915, § 11587, where the purposes for which an express trust was created have ceased, the estate of the trustee also ceases.

2. SAME — CANCELLATION OF INSTRUMENTS — WHERE PURPOSE OF TRUST DEED CEASES IT SHOULD BE CANCELED.
    Where land was deeded to grantor's daughters for the purpose of creating a trust in her favor and to prevent a certain person from defrauding her, on the death of said person and removal of the purpose of the trust, the deed should be canceled and title restored to grantor.

¹Trusts, 39 Cyc. pp. 98, 210; ²Id., 39 Cyc. p. 99.

Appeal from Oakland; Reid (Neil E.), J., presiding. Submitted April 3, 1928. (Docket No. 14.) Decided June 4, 1928.

Bill by Elizabeth Clark against Irene Renetta McCue and others to set aside a deed. From a decree for defendants, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Brakie J. Orr* and *Earl. N. Nash,* for plaintiff.

NORTH, J. Upon the death of James C. Ryan, April 12, 1923, his wife, Elizabeth Ryan, now Elizabeth Clark, became the sole owner of their homestead property located in Royal Oak, Oakland county, Michigan. In the bill of complaint this property is alleged to be of the value of $20,000. Two adult daughters, the defendant Irene Renetta McCue and Jennie O'Dell, survived James C. Ryan. A few months after their father's demise, these daughters were informed that their mother was writing letters to their father's brother, Thomas Ryan, who then lived in New York, and they became convinced that he was planning, by promise of marriage, to induce their mother to deed her property to him. The defendants claim that the daughters thereupon talked to their mother about this matter, and that it was finally arranged, for the purpose of safeguarding her property, that the mother would deed the homestead to the daughters, reserving a life estate to herself. The deed was executed October 5, 1923. Not only was a life estate reserved to the grantor in the deed, but on the same date the grantees executed a life lease of the property to their mother. The plaintiff denied that she understood she was deeding away her property, and claims that she supposed she was executing a lease to her daughter Irene for the sole purpose of enabling the latter to manage and control this property during the absence of the plain-

tiff on a visit to Florida, where she planned to be during the approaching winter. The plaintiff asserts she was tricked into signing the deed by her daughters and those representing them; and she brought this suit to secure a cancellation.

Before suit was instituted, the daughter Jennie O'Dell had died, and her husband and two minor daughters are made defendants because they have inherited whatever interest the deceased had in the property. A rather unusual feature of this case is the fact that the defendants do not claim to be the owners of the fee in this property in consequence of the execution of the deed in question. In their answer they state:

"These defendants now have no other intent or purpose but that said property should be preserved for the use and benefit of the plaintiff and that they are willing that the same should be conveyed in trust to some person or corporation to be appointed by this honorable court to hold and use the said property for the entire benefit and comfort of the plaintiff and they hereby offer and tender a conveyance of said property to any trustee so appointed by this court for that purpose."

The surviving grantee, Mrs. McCue, gave the following testimony, which is undisputed:

"I recall it was put in the way it was to keep a home over her head. That was the prime reason for the whole situation. * * * It was done entirely for my mother's sole protection."

The trial judge held with the defendants. He determined that the fraud alleged by the plaintiff "was not committed;" and he also found that the two daughters did not acquire any beneficial interest in the property themselves "according to the intent and purposes of the parties." It was accordingly decreed that the defendants O'Dell "shall have no beneficial interest in the property," and, further, that the title

to the property involved "is hereby declared to be held in trust by Irene Renetta McCue * * * for the use and benefit of said plaintiff." The decree confirmed plaintiff's life estate and further provided for a possible sale of the property under the supervision of the court, the proceeds of such sale to be used for the benefit of the plaintiff or to be reinvested under the direction of the court.

The plaintiff has appealed, claiming that the court was not justified in decreeing a trust as above outlined, and that she is entitled to have the deed canceled and set aside. Since the defendants do not claim to have a beneficial interest in the property in consequence of the execution of the deed by the plaintiff, the only question is whether the provisions of the decree relative to the trust are justified by the record. The defendants have not filed a brief in this court, and, therefore, we have not had the advantage of a presentation of their theory in this case; but their claim, as disclosed by the record, is that the only purpose they had in procuring the deed of plaintiff's property was to save her from losing the homestead in consequence of the fraudulent designs of her deceased husband's brother. This man had died before the bill of complaint was filed herein, and some time prior to his death the plaintiff had married her present husband. Thus, if we assume that a valid trust was created in the manner and for the purpose alleged by the defendants, the reason and purpose for which such trust was created had wholly ceased before this bill was filed. Section 11587, 3 Comp. Laws 1915, provides as follows:

"When the purposes for which an express trust shall have been created shall have ceased, the estate of the trustee shall also cease."

"It is a statutory, as well as elementary principle, that every trust in land ceases as soon as the purposes

cease for which it is created." *Montgomery* v. *Merrill*, 18 Mich. 338.

See, also, *Steevens* v. *Earles*, 25 Mich. 40; *Taylor* v. *Richards*, 153 Mich. 667.

The plaintiff's mental competency is not questioned, nor does it appear that it could be successfully challenged. The trial judge expressly found her "not in any way incompetent." From such a record it necessarily follows that the trust decreed by the trial court cannot be sustained; and since the defendants claim no other rights in this property, the deed in issue should be canceled. A decree may be taken in this court accordingly, without costs.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.