*In re* DINGLER'S ESTATE.

1. ESTATES—ABSOLUTE OWNERSHIP—SUSPENSION OF OWNERSHIP.
   Testamentary trust which left residue to twin granddaughters of testatrix and provided that when they were 30 years of age, the balance should be paid to them in equal shares or to the survivor unless one of them should die leaving issue surviving, and gave them the income from the trust until they were 30, was not invalid because it suspended enjoyment since neither was entitled to the property absolutely.

2. PERPETUITIES—IMMEDIATE VESTING—FUTURE DIVESTMENT.
   When an estate vests immediately upon the death of a testator and is subject to the possibility of divestment upon the occurrence of a future contingency, the rule against perpetuities is not involved.

3. SAME—VESTING UPON DEATH OF SURVIVOR OF TWO PERSONS IN BEING.
   Where trust interest is contingent but does become vested, 'at the remotest, upon the death of the survivor of two persons in being, the rule against perpetuities is not violated.

4. SAME—SUSPENSION OF ABSOLUTE POWER OF ALIENATION.
   Where the absolute power of alienation is not suspended for a period exceeding two lives in being there is not an illegal suspension of such power (3 Comp. Laws 1929, § 12935).

---

Duration of private trust, see 1 Restatement, Trusts, § 62, comment k.

Constructional preference for no accumulation, see 4 Restatement, Property, § 446.

5. SAME—ACCUMULATIONS—QUARTERLY PAYMENT OF NET INCOME.

Testamentary provision for quarterly payment of net income from trust estate to the beneficiaries did not contemplate the addition of rents and profits of real estate to the corpus nor prevent its expenditure, hence it does not violate the statute as to accumulations (3 Comp. Laws 1929, §§ 12957, 12958).

Appeal from Ingham; Eger (Paul G.), J. Submitted April 11, 1947. (Docket No. 69, Calendar No. 43,679.) Decided October 13, 1947.

Bill by Patricia M. Dingler and another for construction of will. Decree sustaining will. Plaintiffs appeal. Affirmed.

*H. Eugene Field,* for plaintiffs.

*Hammond & Schram,* for defendant executrix.

DETHMERS, J. Mary A. Dingler died testate, leaving an estate consisting of real and personal property. Her last will and testament contained the following provision:

"Third, all the balance of my property of every kind and nature whatsoever, I give, devise and bequeath unto Bertha Maybelle Pless, of Howell, Michigan, but in trust nevertheless, for the benefit of my two granddaughters, Jane A. Dingler and Patricia M. Dingler, as follows:

"1. After the payment of all taxes and expenses, said trustee shall pay to my said granddaughters the net income from trust fund in quarterly instalments until my said granddaughters shall reach the age of 30 years, and said trustee may also use such parts of the principal as in her judgment is necessary for the benefit of my said granddaughters in case of an emergency such as illness, accident or extraordinary financial distress.

"2.   Said trustee shall have full custody of all property, comprising said trust estate, with the right to invest and reinvest all personal property, and to sell, contract for sale, mortgage, exchange or lease any real or personal property belonging to my estate, as she may deem proper.

"3.   On my granddaughters reaching the age of 30 years, the balance of said trust fund shall be paid to my said granddaughters in equal shares, or to the survivor unless one of said granddaughters shall die leaving issue surviving."

The plaintiffs, twin sisters, are the granddaughters Jane A. Dingler and Patricia M. Dingler named in the will and the sole heirs at law of the testatrix. At age 23 they filed the bill of complaint herein, praying that the court determine the trust provisions of the third paragraph of said will to be void as violative of the laws of the State of Michigan. From a decree upholding the validity of the will in all respects and dismissing the bill of complaint, plaintiffs appeal.

Under the heading of questions involved it is stated in the plaintiffs' brief that "the following propositions appear to be involved:"

1.   Whether a trust which postpones the absolute enjoyment of property by the beneficiaries until they reach age of 30 years, but gives them the income from the trust until that time, is valid?

2.   Whether the trust violates the rule against perpetuities as a suspension beyond lives in being and 21 years?

3.   Whether the trust must fail because it involves and is built upon the suspension of the absolute power of alienation of real estate for a period of time not measured by life?

4.   Whether the collection of rents and profits and the payment to named beneficiaries in quarterly

instalments constitutes an accumulation within the meaning of 3 Comp. Laws 1929, § 12957 (Stat. Ann. § 26.37)?

Our views of the case, as hereinafter expressed, make a consideration of other questions raised by plaintiffs unnecessary to the decision.

1. In connection with the first question, plaintiffs rely on *Bennett* v. *Chapin,* 77 Mich. 526 (7 L. R. A. 377), from which they develop the proposition that when any person is entitled absolutely to property, enjoyment thereof may not be postponed; that when an estate granted by devise is absolute, no restriction which can neither promote nor prejudice any interest but that of the devisee may be imposed to limit devisee's power over the estate. In the *Bennett Case* the Court found that no contingency could arise by which the devisee and her lawful heirs could be divested of the estate. Such is not the situation in the instant case. In the event either granddaughter dies without issue before reaching the age of 30 years, her share is to be paid to the survivor. Were each of the plaintiffs to be decreed, as prayed in their bill of complaint, to be entitled to one-half of the residue of the estate at this time, as heirs at law of Mary A. Dingler, the will of testatrix as to the disposition of her property in the event of the death of either of her granddaughters without issue before age 30, could be defeated by a provision in the last will and testament of the grand-daughter so dying bequeathing and devising her half interest to another than the surviving sister. The reasoning in the case of *Bennett* v. *Chapin, supra,* is not applicable here.

2. Does the trust violate the rule against perpetuities? Defendant contends that the interest in the trust estate vested in the plaintiffs upon the death of

testatrix, subject to the possibility of divestment upon the occurrence of a future contingency, citing in support thereof *Hull* v. *Osborn,* 151 Mich. 8; *Detroit Trust Co.* v. *Stoepel,* 312 Mich. 172; *Taylor* v. *Richards,* 153 Mich. 667; and *Toms* v. *Williams,* 41 Mich. 552. In that event, the rule against perpetuities is not involved. If, on the other hand, it be held that the trust interest is contingent and does not become vested until the occurrence of a future event, under the provisions of the will it cannot, under any circumstance or contingency, fail to vest within the period of lives in being plus 21 years. It will, at all events, vest within the lifetime of the two granddaughters or the survivor of them or, at the remotest, upon the death of such survivor.

3. Is there a suspension of the absolute power of alienation in this case? Defendant answers "no" because of the right reposing in the trustee to sell, exchange, invest and reinvest property. In this connection defendant cites *Thatcher* v. *St. Andrew's Church of Ann Arbor,* 37 Mich. 264. Plaintiffs, however, contend that the will confers upon the trustee a mere right and not a power of sale, and cite *Bateson* v. *Bateson,* 294 Mich. 426, as authority for the proposition that the power of alienation has here been suspended. Even so, the suspension can not exceed two lives in being as prescribed by the statute; namely, the lives of the two granddaughters.*

4. An accumulation is defined in 41 Am. Jur. p. 92, as follows:

"The adding of the interest or income of a fund to the principal or corpus, pursuant to the provisions of a will or deed preventing its being expended."

---

* See 3 Comp. Laws 1929, § 12935 (Stat. Ann. § 26.15).—REPORTER.

The provision in the will of Mary A. Dingler for payment of the income from the trust estate to the granddaughters in quarterly instalments in no sense contemplates the addition of rents and profits of real estate to the corpus, nor does it prevent its expenditure. Consequently, it does not violate the statute as to accumulations. 3 Comp. Laws 1929, §§ 12957, 12958 (Stat. Ann. §§ 26.37, 26.38):

The decree is affirmed, with costs in both courts to the defendant.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.