BATESON v. BATESON.

1. TRUSTS—FRAUD—EVIDENCE.

In suit to set aside trust deed because of fraud, proofs *held*, to have failed to establish the fraud alleged.

2. PERPETUITIES—SUSPENSION OF POWER OF ALIENATION—LIFE INCOME—INCOME FOR YEARS.

Grant of income of entire estate placed in trust to grantor for

Effect of the illegality of a provision in the terms of a trust, see 1 Restatement, Trusts, § 65.

Effect upon a prior interest when an attempted succeeding interest is ineffective, see 2 Restatement, Property, § 228.

life, of income from fee of 2/10 interest to grandson for 15 years after grantor's death but if grandson died within such period without leaving wife or children fee was to go in part to one son in fee and balance in trust to another son, was void as to such 2/10 interest as the power of alienation was suspended during the lifetime of the grantor and for 15 years thereafter, there being no persons in being by whom an absolute fee in possession could be conveyed (3 Comp. Laws 1929, §§ 12934, 12935).

3. SAME—POWER IN TRUSTEE TO SATISFY NEEDS OF GRANTOR.

Deed of trust empowering trustee to sell, mortgage, lease or otherwise deal with trust estate if needs of grantor so required *held*, too dependent upon justifying needs of the grantor to whom life income of entire estate was to be paid to constitute the trustee a person in being by whom an absolute fee of an interest in possession is lodged and can be conveyed (3 Comp. Laws 1929, §§ 12934, 12935).

4. TRUSTS—WILLS—CONSTRUCTION OF TRUST DEED GRANTS.

No fine distinctions between trust deed grants and testamentary trust devises are made by the courts since the ultimate determinative factors run along like lines.

5. SAME—CONSTRUCTION—INTENT—SEPARABLE GRANTS.

The intention of the grantor at the time of the execution of a trust deed governs in the determination of whether or not each grant in the deed is separate, hence severable if one is invalid.

6. SAME—SEPARABLE GRANTS—CONSTRUCTION OF DEEDS.

Where attorney who prepared trust deed for grantor had to treat each of three grants separately, since they were unlike in purpose and scope, and it is clear the grantor considered each grant by itself and imposed conditions relative to contingent devolution, not to a class but to persons specifically designated, and one of the grants was void, each will be treated as separable and the void one permitted to fall alone.

7. SAME—VALID AND VOID LIMITATIONS IN SAME TRUST.

Where an instrument contains dispositions, some of which are void for undue suspension, or postponement of vesting, all parts of the scheme may not necessarily be destroyed, and fact that the valid and void limitations are both embraced within the terms of a single trust does not constitute any insuperable obstacle in the way of sustaining the former while cutting off the latter.

BUSHNELL, C. J., and NORTH and MCALLISTER, JJ., dissenting in part.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 3, 1940. (Docket No. 23, Calendar No. 40,949.) Decided September 6, 1940.

Bill by Samuel R. Bateson against George F. Bateson, individually and as trustee, and others to set aside a deed of trust. From decree rendered, defendant George F. Bateson, individually and as trustee, appeals. Affirmed in part and reversed in part.

*Charles F. Meyler* and *Leo F. Covey,* for plaintiff.

*Atkinson, Donnelly & Lyon* (*Frank W. Atkinson,* of counsel), for defendants.

WIEST, J. This is a bill by a father to set aside a deed of trust to his son, defendant George F. Bateson, on the grounds that it was procured by fraud and that one of its provisions suspended power of alienation beyond two lives in being and was, therefore, void by statute. 3 Comp. Laws 1929, §§ 12934, 12935 (Stat. Ann. §§ 26.14, 26.15).

The circuit judge found no fraud and that the deed expressed the then intention of plaintiff, but, inasmuch as one provision was void and the full purpose of plaintiff was rendered abortive thereby, set the deed aside.

Upon review we do not find the alleged fraud established by the proofs, and in that respect the decree is affirmed. The court was in error in holding the valid provisions in the deed void by reason of the invalid provision.

Defendants, granted claimed valid rights in the deed of trust, appealed, and claim the rule applied to testamentary trusts applies in this case, and

grants in the deed, not in violation of the statute, are separable and not rendered void by the invalid provision.

Plaintiff was 76 years of age at the time he executed the deed in December, 1936; was a widower, and practically blind, but of sound mind; had two living sons of mature years, and a grandson, the son of a deceased son; and was desirous of disposing of his real estate, with retention of the income during his lifetime. December 14, 1936, plaintiff, by deed, conveyed his real-estate holdings to his son George F. Bateson, trustee, who was to pay the net income from the trust property, after provision for charges and expenses, to the grantor for and during his life. At the death of the grantor the deed provided that the trustee:

"(a) Convey an undivided 4/10th interest in the fee of said property to grantor's son, George F. Bateson, and thereupon as to such 4/10th portion this trust shall cease. If George F. Bateson should die prior to the death of grantor, then the successor trustee shall upon death of grantor convey the above referred to undivided 4/10th interest of all the described property in equal shares of ½ each to Jennie Wooley Bateson, his wife, and George F. Bateson, Jr., his son, whereupon this trust as to such portion shall cease. If either be not then living then the survivor shall receive conveyance of the entire 4/10 interest."

The grant in the deed of trust to his son Samuel R. Bateson was as follows:

"(b) Hold in trust an undivided 4/10 interest in the fee of said trust property and pay the net income from said 4/10 interest after paying the costs and expenses of carrying out this trust as to such share, to grantor's son, Samuel R. Bateson, Jr.,

for and during his life. Upon the death of the said Samuel R. Bateson, Jr., this fee of 4/10ths of the original trust property shall be conveyed in equal shares of 1/3 each to Hattie Bateson, his wife, and Harriet and Dorothy Bateson, his daughters, or the survivor or survivors of them, whereupon this trust as to such portion shall cease. If the said Samuel R. Bateson, Jr., should die prior to the death of the grantor, then the trustee or successor trustee shall upon the death of the grantor convey this fee of 4/10 of the original trust property in equal shares of 1/3 each to Hattie Bateson, his wife, and Harriet and Dorothy Bateson, his daughters, or the survivor or survivors of them, whereupon this trust as to such portion shall cease.''

The grant in the deed of trust to the grandson, James Bateson, was as follows:

''(c) ·Hold in trust an undivided 2/10 interest in the fee of said trust property and pay the net income from said 2/10 interest after paying the costs and expenses (and any taxes) of carrying out this trust as to such share, to grantor's grandson, James Bateson, for and during the period of 15 years from date of grantor's death, at the end of which time the trustee shall convey this fee of said 2/10 or original trust property to said James Bateson and thereupon this trust as to such portion shall cease. If said James Bateson should die within the above referred period of 15 years from date of grantor's death without leaving a wife and/or child or children, then the trustee shall convey 1/2 of this undivided 2/10 interest in the fee of said trust property to the grantor's son, George F. Bateson, and thereupon as to 1/10 portion this trust shall cease. The remaining 1/10 portion shall be held in trust by the trustee for disposition to the persons mentioned in paragraph B of this instrument and under exactly those same terms and conditions and at the conclusion of these duties this trust as to such 1/10 portion shall cease. If the same James Bateson should

die prior to the death of grantor, then the trustee shall upon death of grantor dispose of this undivided 2/10 interest in all of the above-described property to the same persons and in the same manner as provided for above, in the event he died during the above-referred period of 15 years.

"If however the said James Bateson should die within the above referred to period, 15 years from date of grantor's death, leaving a wife and/or child or children, then the fee of·2/10 interest upon which income only was therefore [theretofore?] paid to him, shall thereupon be by the trustee hereunder conveyed in equal shares to such wife and/or child or children or survivors of them outright."

If the needs·of the grantor so required, the trustee was empowered to sell, mortgage, lease or otherwise deal with the trust property to the same extent as the grantor could if still the owner•thereof.

The trust deed grant of the 2/10 interest suspended the power of alienation during the lifetime of the grantor and for 15 years thereafter. The grantor is still living. Upon execution of the deed there were no persons in being by whom an absolute fee in possession could be conveyed. Contingent, subsequent vesting of the title upon expiration of the stated period of suspension, dependent upon future and unpredictable events, leaves the title beyond disposition by persons in being by whom an absolute fee in possession could be conveyed and renders the grant of the 2/10 interest void under the statute. 3 Comp. Laws 1929, §§ 12934, 12935 (Stat. Ann. §§ 26.14, 26.15).

The claim that the deed of trust empowered the trustee to sell, mortgage, lease or otherwise deal with such trust property is too dependent upon justifying needs of the grantor to constitute the trustee a person in being by whom an absolute fee in possession is lodged and can be conveyed. Upon this

subject see *Gardner* v. *City National Bank & Trust Co.*, 267 Mich. 270.

This brings to consideration the question of whether the void grant invalidates all the grants. Courts in construing trust deed grants make no fine distinction between such and testamentary trust devises for the ultimate determinative factors in either instance run along like lines and are accorded like consideration.

To carry out the directions of the grantor the attorney who prepared the deed of trust had to treat each grant separately for they were unlike in purpose and scope. Each was separate and consequently severable and the valid grants are in no way dependent upon operation of the one found invalid. The intention of the grantor at the time of the execution of the deed of trust governs, and it is clear that he then considered each grant by itself and imposed conditions relative to contingent devolution, not to a class but to persons specifically designated. True, the three grants were in one instrument, but that is of no particular importance upon the question of severability. Under the evidence bearing upon grantor's intention at the time of the execution of the deed and expressed in the terms of that instrument we must hold the grants separate and independent and the void one falls alone.

The general principle is stated in Chaplin on Suspension of the Power of Alienation (3d Ed.), § 528, as follows:

"Where an instrument contains dispositions some of which are void for undue suspension, or postponement of vesting, it does not necessarily follow that all parts of the scheme are thereby destroyed. For a distinction is to be observed between schemes which were obviously intended to constitute a single entity and must stand or fall on their merits as one

whole, and those which may be separated into wholly independent dispositions. If a provision of the former character involves an unlawful suspension or postponement, the whole scheme falls to the ground, while if the taint of illegality attaches only to a wholly independent part of an entire scheme, this illegal part may be cut off, and the rest allowed to stand."

And also sections 529 and 530 reading:

"The fact that valid and void limitations are both embraced within the terms of a single trust, does not constitute any insuperable obstacle in the way of sustaining the former while cutting off the latter.

"And where an estate is vested in a trustee upon several independent and separable trusts, some of which are legal, while others are in contravention of the statute concerning suspension, the estate of the trustee may, in accordance with the principles above stated, be upheld to the extent necessary to enable him to execute the valid trusts."

We hold the trust deed valid, except as to the 2/10 interest mentioned. The devise of the mentioned 2/10 interest was "void in its creation" and title thereto remained vested in plaintiff.

Decree in accord with this opinion will be entered in this court, with costs to appellants.

SHARPE, CHANDLER, and BUTZEL, JJ., concurred with WIEST, J.

NORTH, J. (*dissenting in part*). Upon consideration of the opinion of Mr. Justice WIEST, I am constrained to note the following relative to the 2/10ths interest in the corpus of the trust primarily set apart for plaintiff's grandson, James Bateson.

The opinion states: "The trust deed grant of the 2/10ths interest suspended the power of alienation during the lifetime of the grantor and for 15 years

thereafter. The grantor is still living. *Upon execution of the deed there were no persons in being by whom an absolute fee in possession could be conveyed.*'' Notwithstanding subsequent context of the opinion might be construed so to qualify the foregoing that it would be an accurate statement of the law, there is reason to believe that the italicized portion of the quotation, if passed unchallenged, will lead to confusion and misinterpretation of our statutory provisions touching suspension of the power of alienation.

First, it should be noted that the mere inclusion of the 15-year limitation incident to this trust provision does not render it invalid, because wholly independent of that limitation the period of suspension is measured by two lives in being—*i. e.,* the life of plaintiff and that of his grandson. But a more serious aspect in the italicized portion of the quotation is that by necessary implication it voices the inaccurate statement that because "Upon execution of the deed there were no persons in being by whom an absolute fee in possession could be conveyed" the grant was invalid. Such is not the test of validity or invalidity of an attempted suspension of the power of alienation. A provision suspending the power of alienation may be perfectly valid notwithstanding there are no persons in being who can convey an absolute fee in possession. But such suspension must be measured by the lives of a person or persons in being and the provision for suspension will be invalid if it is "for a longer period than during the continuance of two lives in being at the creation of the estate, except in the single case mentioned in the next section." 3 Comp. Laws 1929, § 12935 (Stat. Ann. § 26.15).

Nor am I in accord with that portion of my Brother's opinion wherein he holds that 2/10ths interest

in the corpus of the trust provision for the grandson is void *in toto.* Instead, the provision as to the one-half of this 2/10ths which upon the death of the grandson will forthwith vest in fee in defendant George Bateson (or in the surviving wife and children, if any, of the grandson), is valid because it does not suspend the power of alienation beyond two lives in being. The pertinent portion of the trust provision reads:

"If said James Bateson should die within the above referred period of 15 years from the date of grantor's death without leaving a wife and/or child or children, then the trustee shall convey 1/2 of this undivided 2/10 interest in the fee of said trust property to the grantor's son, George F. Bateson, and thereupon as to 1/10 portion this trust shall cease.    *    *    *

"If however the said James Bateson should die within the above-referred-to period, 15 years from date of grantor's death, leaving a wife and/or child or children, then the fee of 2/10 interest upon which income only was therefore [theretofore?] paid to him, shall thereupon be by the trustee hereunder conveyed in equal shares to such wife and/or child or children or survivors of them outright."

Except to the extent herein before noted, I concur in the opinion of Mr. Justice WIEST.

BUSHNELL, C. J., and MCALLISTER, J., concurred with NORTH, J. The late Justice POTTER took no part in this decision.