CAROL A. LEO *vs.* ARTHUR A. ARMINGTON *et al.*

JULY 23, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a bill in equity for the construction of the will of Simon W. Wardwell, late of the city of Providence. The cause was heard in the superior court on bill and answers, and being ready for hearing for final decree was certified to this court for determination in accordance with general laws 1938, chapter 545, §7.

Under his will the testator made no specific bequests, but left his entire estate, inventoried at $241,827.20 personal estate and $100,000 real estate, to four trustees for the benefit of his wife, four sisters, a brother, and the four trustees. Upon the death of his wife, his sisters, and his brother, he made provision under the tenth clause of his will for the income payable to them during their respective lifetimes to be paid to persons related to them by blood, in class groups. With reference to the income payable to his wife and sisters, he provided as follows: "I direct that upon the death of my wife, her income aforesaid be distributed equally among her three nieces (daughters of her brother Wm. J. Shea of St. Louis, Mo) and Richard P. Shea, her brother during their lives. I direct that upon the death of any one of my sisters, her income be distributed among her daughters and their daughters * * * ."

The bill alleges that, subsequent to the death of the testator, his wife, Mary E. Wardwell, died leaving surviving the respondents Catherine S. Meyer and Theresa Shea, two of the nieces above mentioned, and her brother Richard P. Shea. Also subsequent to his death Carol Lipman, a sister of the testator, died leaving surviving her daughters, Adelina C. L. Appleton and Harriet L. Carola, and her granddaughter, Carol A. Leo, the complainant, who is a daughter of Adelina C. L. Appleton. Upon their respective deaths the trustees paid the income formerly payable to the testator's wife, in equal shares, to the respondents Catherine S. Meyer, Theresa Shea and Richard P. Shea, and the income formerly payable to Carol Lipman, in equal shares, to the said Adelina C. L. Appleton, Harriet L. Carola, and the complainant.

More recently Richard P. Shea and Harriet L. Carola have died and the question specifically raised by the bill and the answers of the respondents is whether the income formerly paid to said deceased beneficiaries should be paid to the remaining members of the respective groups to which such deceased beneficiaries belonged, or whether such income

should be accumulated and added to principal and become part of the *corpus* of the ultimate gift to charity. The respondents Catherine S. Meyer and Theresa Shea contend that the income formerly payable to Richard P. Shea should be paid to them in equal shares as the surviving members of a class to whom the income formerly payable to the testator's wife is payable. The complainant and the respondent Adelina C. L. Appleton, her mother, contend that the income formerly payable to Harriet L. Carola should be paid to them in equal shares as the surviving members of a class to whom the income formerly payable to Carol Lipman, the testator's sister, is payable.

The trustees admit that the complainant and the respondents above mentioned are surviving members of the two classes hereinbefore referred to, but have refused payment to them of additional income on the ground that the testator intended that the income formerly payable to Richard P. Shea and Harriet L. Carola should not be paid to the surviving members of such classes but that it should be accumulated and added to principal.

The allegations of fact contained in the bill are in general admitted by the above-named respondents and by the trustees, who join in the prayer of the complainant for construction. These respondents in their answers pray for the construction of this will in accordance with their respective claims as above set forth. The guardian *ad litem* for unascertained persons who may have an interest in the subject matter of this bill has filed an answer neither admitting nor denying the allegations thereof and submitting the interests of such persons to the care and protection of the court.

Following the recent opinion of this court in the instant cause in which we stated that a charitable trust is involved and that the attorney general should therefore be made a party to this suit, John H. Nolan, attorney general of the state of Rhode Island, was added as a party respondent, and in his capacity as representative of the interests of the

public has filed his answer, submitting such interests to the care and protection of the court. In his brief he takes the same position as the respondent trustees, contending that upon the death of one of the members of the several classes referred to in the bill of complaint, the income formerly payable to such deceased member should not be paid to the surviving members of such classes, but should be accumulated and added to principal so that the *corpus* of the ultimate gift to charity would be thereby augmented. The other respondents named in the bill are all the other beneficiaries of the trust and they have been duly. subpoenaed but have entered no appearance in this cause. No evidence was offered in the superior court by any of the parties.

We think it is clear that the bequests provided for under both clauses of the will, as quoted above, are gifts to a class, as defined in 1 Jarman on Wills (6th ed.) 262, approved in *Hazard* v. *Stevens,* 36 R. I. 90, 98, and cited in *Rhode Island Hospital Trust Co.* v. *Proprietors of Swan Point Cemetery,* 62 R. I. 83, 94. · The trustees in their argument and brief do not challenge this classification but seek the advice of this court as to whether or not the principle of survivorship and the usual incidents thereof should be applied in the distribution of income as each member of such class dies.

The trustees agree with the complainant and those respondents who have filed answers and briefs that the general rule is that a gift of an aggregate sum to a body of persons uncertain in number, to be ascertained later, the shares of each being dependent upon the ultimate number of persons composing the group, carries with it the rights of survivorship in such group. *Rhode Island Hospital Trust Co.* v. *Calef,* 43 R. I. 518. In that case the court, having found that the legacy in question was a class gift, used the following language: "There can be no arbitrary division of an aggregate sum which would permit the lapsing of a part of such a legacy. As long as there are surviving mem-

bers of the class the aggregate sum must be divided between the members thereof in the proportions established by the testator."

An examination of the will now before us supports the view that the ultimate charity is to receive nothing under the will until the death of the last person named in the will as a beneficiary. The tenth clause provided that all income up to $6000 per annum should be delivered to the wife of the testator and then provided for the distribution of the income in varying amounts up to $50,000 between his wife, sisters, brother, and the four trustees.

The time when the *corpus* of the trust is to be devoted to charity is clearly stated in the last clause of the will, which reads as follows: "After the decease of the last surviving beneficiary named or referred to in this will, I then direct my trustees or their successors to dispose of the entire trust estate in their discretion, in furtherance of my intentions as expressed in the Ninth paragraph on page 3." Therefore the ultimate disposition of the *corpus* to charity is not now before us.

It clearly appears from a careful study of the entire will that the testator's general plan was to provide for a distribution of the income from the trust among his wife and her relatives, his own relatives, the trustees, and that group of persons known to the trustees to have been loyal to him in his struggle to establish his business, which had become successful mainly as a result of his invention of the Wardwell braiding machine. Nowhere is there any manifestation of an intention to accelerate the time when the gift for charitable purposes should take effect nor to accumulate funds during the lifetime of any beneficiary in order to increase the *corpus* of the gift to charity.

The testator expressly provided that all income up to $50,000 per year should be paid to the groups referred to above and that all in excess of that amount of annual income should be paid to those loyal employees and acquaintances whom the testator wished to become the

recipients of his appreciation and bounty. He expressly provided for the payment of *all* net income of the trust until the death of the last surviving beneficiary.

We think this case is analogous to that of *Monroe for an Opinion*, 42 R. I. 412, and that the rule of construction therein stated is applicable here. In the *Monroe* case the court construed the following clause: "I give to Amy A. Whipple and Winnie Lewis Monroe of Central Falls, R. I. the income from the residue of my estate both personal and real, share and share alike, during their lifetime, and at their deaths, I give and bequeath all the residue of my estate both personal and real to the Central Falls Public Library, as a memorial to the late Lisander Flagg and his family." In that case the court stated: "We are of the opinion that it manifestly appears that the intention of the testatrix was that Amy A. Whipple and Winnie Lewis Monroe should take the income of the residue of the estate as joint tenants and not as tenants in common. * * * We have here all the essentials of a joint tenancy, namely, unity of interest, title, time, and possession, accompanied by the clear and evident intention of the testatrix as manifested by the provisions of the will to create a joint tenancy and not a tenancy in common."

Answering specifically the questions propounded in the request for construction in the instant cause, our conclusion is that the gifts of income referred to in the first part of this opinion are payable by the trustees to the surviving members of each class created by the testator, as they may be determined at the time when the income is payable under the terms of the will; that the income formerly payable to Richard P. Shea should be paid to the respondents Catherine S. Meyer and Theresa Shea, in equal shares, as the surviving members of the class to which the said Richard P. Shea belonged; and that the income formerly payable to Harriet L. Carola should be paid to the complainant and the respondent Adelina C. L. Appleton, in equal shares,

as the surviving members of the class to which the said Harriet L. Carola belonged.

The parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Fred Brosco,* for complainant.

*Sherwood & Clifford, Sidney Clifford,* of counsel, for respondents Adelina C. L. Appleton, Catherine S. Meyer and Theresa Shea.

*John L. Curran,* for respondent trustees.

*John H. Nolan,* Attorney General, *Guillaume L. Parent,* Assistant Attorney General, for State.

Maria C. Pereira *vs.* Harry Waxman *et al.*

JULY 30, 1948.

Present: Flynn, C. J., Capotosto, Baker and Condon, JJ.

(For former opinion see 71 R. I. 439.)

Per Curiam. After our opinion in this cause was filed, *Pereira* v. *Waxman,* 71 R. I. 439, the complainant requested

and received permission of this court to file a motion for reargument. In granting such motion we expressly limited the reargument to two grounds: "first, that the time necessary to complete the respondent's right, by prescription, to maintain and to use certain sewer pipes extending under complainant's property and into the drain on Mount Vernon street could not run against the complainant as a mortgagor, who did not hold the legal title to the property during that period, and, secondly, that the decree of the superior court requires modification because it was based solely upon a ground which was inconsistent with our opinion."

In accordance with that permission the matter was heard on oral reargument and additional briefs were filed by the parties. The complainant repeats the gist of many of the arguments that were made at the original hearing by other counsel of record. So far as they relate to matters that are not within the grounds to which the reargument was limited they are not in point and are not now considered.

On the first question before us the complainant argues substantially that an easement by way of prescription or adverse possession could not begin to run against the servient estate until 1942, when the mortgage was paid off in full. In other words, she contends that the legal title to the servient estate during all the period relied upon by the respondents to establish an easement by prescription was in the mortgagee and that the complainant mortgagor in possession held only the right of redemption. Since there was no evidence of notice or knowledge of the existence and adverse user of the pipes under the servient estate which came to the attention of the mortgagee, she argues that prescription could not possibly be established.

In our opinion the sufficient answer to this contention is that the rights of the mortgagee are nowhere involved. Neither the complainant nor the respondents derived their respective titles from or under the mortgagee. Nobody

claiming under the mortgagee is a party, and the mortgage itself is no longer subsisting. Hence in the circumstances complainant cannot rely on any rights which the mortgagee or one claiming under him might have had in opposition to the respondents' claim of such an easement. Moreover as against everyone but the mortgagee a mortgagor is deemed to be the owner of mortgaged land. *Houle* v. *Guilbeault,* 70 R. I. 421. Therefore in the instant case, so far as respondents' claim against complainant is concerned, it was sufficient for them to show notice to complainant and the lapse of the requisite period to establish that easement by prescription. Complainant had such notice and did nothing to interrupt the continuous adverse user by the respondents and their predecessors in title.

As for the necessity to change the decree, which was included in the second ground of the reargument, we find nothing in our opinion which was essentially inconsistent with certain provisions of that decree. All the findings with regard to prescription appear in substance in the first paragraph of the decree entered in the superior court, and the effect of the other paragraphs are not inconsistent with the ultimate result reached by this court.

After careful consideration we are of the opinion that nothing has been shown under the two grounds to which reargument was limited which, in the circumstances appearing in this record, would require us as a matter of law to reverse our opinion or to change the decree.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Moss, J.,* did not participate in the decision.

*Wilfrid E. McKenna,* for complainant.

*Kirshenbaum & Kirshenbaum,* for respondents.