236 A.2d 450.

ARTHUR A. ARMINGTON *et al., Trustees vs.* CATHERINE S. MEYER *et al.*

DECEMBER 13, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINÓ, J. This civil action was commenced in the superior court on April 15, 1966, by the plaintiffs as trustees under the will of Simon W. Wardwell, deceased, for the construction of certain portions of the Tenth paragraph of the latter's will and for instructions to the trustees relative thereto. After the complaint was filed, one of the trustees, Arthur A. Armington, died. Theodore A. Fisher, successor trustee to Arthur A. Armington, was substituted as a party plaintiff. The estate of Arthur A. Armington was added as a party plaintiff and an amended complaint was filed. It is represented that all known parties who may have any interest have been joined as parties defendant and a guardian ad litem has been appointed for persons unknown.

The action was heard on the amended complaint, answers and proof, and as soon as the cause was ready for final judgment in the superior court, it was certified to this court for determination in accordance with the provisions of G. L. 1956, §9-24-28, as amended.

### I. PERTINENT PROVISIONS OF THE WILL[1]

Simon W. Wardwell, hereinafter referred to as the "tes-

---

[1] Paragraphs Ninth and Tenth are appended hereto as Appendix A.

tator," died in Providence on February 19, 1921. His will was duly admitted to probate by the probate court of the city of Providence. Under the Tenth paragraph of his will he left his entire estate to four persons named therein as trustees under the trust established therein for the benefit of certain persons or classes of persons, during their respective lives. The will provides in paragraph Tenth that upon the death of all the beneficiaries the trust estate is to be used for certain charitable purposes in furtherance of testator's intentions as expressed in the Ninth paragraph of his will.

The testator provided for the distribution of up to $50,-000 of the annual net income from the trust estate in specified amounts among (1) his wife and after her death to one of her brothers and three daughters of another brother; (2) testator's sisters and brother and after their respective deaths to their daughters and granddaughters; and (3) his trustees. Paragraph Tenth disposes of annual net income in excess of $50,000 according to the following provision:

> "That all net income in excess of fifty thousand dollars ($50,000.00) be administered in trust and distributed by my trustee [sic] aforesaid at their discretion and will for the benefit of all aforesaid persons and for any and all men and women among my employees and acquaintances known to my said trustees to have been loyal to me and my inventions during the hard, up-hill struggle to establish my Wardwell Braiding Machine business."

From the foregoing it appears that the income beneficiaries may be divided into the four following classes:

1. Testator's wife and her nieces and brother;

2. Testator's sisters and brother and their respective daughters and granddaughters;[2]

3. The four trustees under said trust and their successors;

4. Certain "employees and acquaintances" as described in the above-quoted provision from paragraph Tenth.

The trust provides specifically for the distribution of annual net income up to $50,000 as follows:

Class 1. Testator's wife and after her death her brother and their nieces.   $15,000.00

Class 2. Testator's sisters and brother and after their respective deaths to their daughters and granddaughters   $15,000.00

Class 3. Trustees   $20,000.00

## II. THE PARTIES

With the exception of Arthur A. Armington, who died on October 7, 1966, all of the original trustees died prior to 1965 and have been replaced by various successor trustees. At the present time plaintiffs, Oscar L. Heltzen, Frank Lee Baker, Perry E. Farnum and Theodore A. Fisher, are the trustees.

The defendants include the surviving nieces of the testator's wife and the surviving daughters and granddaughters of his sisters and brother. Under paragraph Tenth they are entitled to receive certain annual portions of the net income of the trust estate.

The defendants Louis Shulver and Lucien Jules Geoffroy were former "employees" of testator's company. The defendant Shulver was served with process, but has made no

---

[2] We observe that the trust clause insofar as it provides for income to be distributed to the daughters and granddaughters of the testator's sisters and brother raises a question of a possible violation of the rule against perpetuities. The parties, however, have neither briefed nor argued this issue and we shall, according to our well-established rule, deem it to be waived.

appearance in these proceedings. The defendant Geoffroy died on February 13, 1966, and the executrix of his estate, defendant Lorette Brisson, has filed an answer to the complaint. The defendant Shulver, and the defendant Brisson, in her capacity as executrix, may be discretionary beneficiaries of some part of the net income of the trust estate in any year in which such net income exceeds the sum of $50,000.

The plaintiffs, Frank Lee Baker and Theodore A. Fisher, in their capacity as executors of the estate of Arthur A. Armington, may be, as such executors, discretionary beneficiaries of some part of the net income of the trust estate in any year in which such net income exceeds the sum of $50,000.

The attorney general has been named a party defendant because, upon the death of all the income beneficiaries, the corpus of the estate is to be devoted to charitable purposes under the terms of testator's will.

The plaintiffs, Oscar L. Heltzen, Frank Lee Baker, Perry E. Farnum, and Theodore A. Fisher are also beneficiaries of part of the net income of the trust estate.

### III. Other Pertinent Facts

As we have already stated, after providing for the distribution of the annual net income of the trust estate up to the amount of $50,000, the testator in paragraph Tenth of his will further provided for the distribution of the net annual income of said estate in excess of $50,000. In 1965 and 1966, the annual net income of the trust estate was in excess of $50,000, and there is a probability that this will happen in future years. This situation precipitated the bringing of the instant complaint seeking a construction of that portion of paragraph Tenth providing for the distribution of the annual net income of the trust estate in excess of $50,000. In paragraph 19 of their amended complaint

plaintiffs have presented eight specific questions[3] for which they seek the guidance and instructions of this court.

## IV. THE BASIC ISSUES

The basic issues raised by the questions posited by the complaint are (1) whether the trustees are required or merely permitted to distribute the annual net income of the trust estate in excess of $50,000, and (2), if such income is distributed, to whom and in what amounts are the trustees required or permitted to distribute the same.

## V. THE QUESTIONS

The first question is whether the trustees are "* * * required (or permitted) to distribute all annual net income of the trust estate which exceeds Fifth [sic] Thousand ($50,000) Dollars?" The answer depends upon what the testator intended when he provided in his will:

> "That all net income in excess of fifty thousand dollars ($50,000.00 be administered in trust and distributed by my trustee [sic] aforesaid at their discretion and will for the benefit of all aforesaid persons and for any and all men and women among my employees and acquaintances known to my said trustees to have been loyal to me and my inventions during the hard, up-hill struggle to establish my Wardwell Braiding Machine business."

The testator's language is clear; he directs the trustees to distribute annually all net income in excess of $50,000, but he gives them discretion as to the selection of beneficiaries, the proportion of income to be paid to them and the time said distributions are to be made. There is no language in the will evidencing an intent to add any of this income to the corpus of the trust. Our conclusion finds support in *Leo v. Armington*, 74 R. I. 297, 301, 60 A.2d 475, 477, where, in construing another section of this same will, this court said:

---

[3]The questions are appended hereto as Appendix B.

"* * * Nowhere is there any manifestation of an intention to accelerate the time when the gift for charitable purposes should take effect nor to accumulate funds during the lifetime of any beneficiary in order to increase the *corpus* of the gift to charity.

"The testator expressly provided that all income up to $50,000 per year should be paid to the groups referred to above and that all in excess of that amount of annual income should be paid to those loyal employees and acquaintances whom the testator wished to become the recipients of his appreciation and bounty. * * *"

Our answer to the first question is that the trustees are required to distribute annually all net income in excess of $50,000.

We consider next the question whether the provision in clause Tenth providing for the distribution of income among the "employees and acquaintances" of the testator is void for indefiniteness and uncertainty. It appears from an affidavit executed on July 27, 1966, by Arthur A. Armington, the sole surviving original trustee, that he knew of only two former employees who were living in 1965 who were loyal to the testator and his inventions during the period in question, namely, Louis Shulver and Lucien Jules Geoffroy. The pertinent language of the clause in question reads as follows:

"That all net income in excess of fifty thousand dollars ($50,000.00) be administered in trust and distributed by my trustee [sic] aforesaid at their discretion and will * * * for any and all men and women among my employees and acquaintances known to my said trustees to have been loyal to me and my inventions during the hard, up-hill struggle to establish my Wardwell Braiding Machine business."

The general rule is that in order to create a valid private trust, the instrument must set forth the person or class of persons who will be the beneficiaries thereunder, and in the absence of a definite and ascertainable beneficiary or class

218

of beneficiaries, adequately described, the trust will be void for uncertainty. Bogert, Trusts (2d ed.), §§161, 162; 2 Scott, Trusts (2d ed.), §§112, 120, 122; 1 Restatement, Trusts 2d, §§112, 120, 122. See also *Gunn* v. *Wagner*, 242 Iowa 1001, 48 N.W.2d 292.

Employees and acquaintances known by the testator's trustees to have been loyal to him and his inventions do not constitute a definite and ascertainable class of beneficiaries capable of taking under the trust. "Loyal" is a word of broad application. We have no way of determining what the testator meant when he used this word.

We conclude, therefore, that a sufficient criterion has not been furnished to the trustees or the court to govern the selection of individuals from amongst the testator's employees and acquaintances. See *Clark* v. *Campbell*, 82 N. H. 281, 133 Atl. 166. In that case a gift by the testator to his trustees to be disposed of among "such of my friends as they * * * shall select" was declared void for this very reason. See also *Murdock* v. *Bridges*, 91 Me. 124, 39 Atl. 475, where the court refused to enforce a provision in a will which directed the testator's trustee to distribute his property to those people the trustee felt cared for the testator. Compare *Early* v. *Arnold*, 119 Va. 500, 89 S.E. 900. It follows that an attempted gift to employees and acquaintances under the clause in question is void for vagueness and indefiniteness.

Our conclusion that the attempted gift to "employees and acquaintances" is void raises the question whether the entire clause must fail. The specific question raised is whether the provision providing for the distribution of income in excess of $50,000 to "aforesaid persons" is valid and severable from the void gift to "employees and acquaintances." The group described as "aforesaid persons" includes the nieces of the testator's wife, the testator's relations and the trustees. We hold that the gift to "aforesaid persons" is

valid and severable from the void gift to "employees and acquaintances."

The grantor's intent at the time of the execution of the trust instrument is controlling on the question of whether one grant is severable from another. *Bateson* v. *Bateson*, 294 Mich. 426, 293 N.W. 705. The general rule favors severability. As the court said in *Bristol* v. *Bristol*, 53 Conn. 242, 257, 5 Atl. 687, 692:

> "But the principal to be applied is well settled, that where a trust is for several purposes, some valid and some invalid, it will be supported so far as it is good, provided such part is separable from the rest, and no violence will thereby be done to the testator's general intent."

See also 1 Restatement, Trusts 2d, §65, at 176, where it is stated:

> "If a provision in the terms of the trust is illegal, the trust fails altogether if, but only if, the illegal provision cannot be separated from the other provisions without defeating the purpose of the settlor in creating the trust."

If the discretionary gift of income to "aforesaid persons" is not severable and the entire clause is invalidated, the income must either be accumulated for ultimate disposition to the charitable remainder or revert to the testator's estate and pass by intestacy. We are of the opinion that the testator did not intend either of these alternatives to be applicable should his grant to "aforesaid persons" or his employees and acquaintances fail. As stated previously, *Leo* v. *Armington, supra,* indicates that absent an express intention to the contrary on the part of the testator, a court will not accelerate the time a gift for charitable purposes should take effect nor will it allow the accumulation of any funds during the lifetime of any beneficiary in order to increase the corpus of the gift to charity. Moreover, in construing a will, we are aided by the well-settled rule of construction which provides for a presumption against intestacy. *Rhode*

*Island Hospital Trust Co.* v. *Huntoon,* 94 R. I. 474, 479, 181 A.2d 614, 617.

*Rhode Island Hospital Trust Co.* v. *Proprietors of Swan Point Cemetery,* 62 R. I. 83, 3 A.2d 236, cited by the plaintiffs on the question of partial invalidity is not applicable here. In that case a trust was established whereby income was to be used to provide for flowers on the grave of the testator on Decoration Day, to keep his monument in good condition, and to have the dates of death of the testator and his wife cut on the monument. The court held that the portion of the trust concerning flowers was invalid and therefore the whole trust failed. It based its decision on this question on the fact that:

> "* * * in the instant case it does not in any way appear how much of the income of the $1000 is to be applied to flowers, or that any definite part of the principal sum of $1000 could properly be set apart for that purpose."

The court in *Swan Point* then set forth at page 91, 3 A.2d at 240, the general rule as follows:

> " 'If an unascertainable portion (of a fund) be given upon a void trust and the residue upon a valid trust the whole fails.' "

In the case at bar the trustees have discretion to decide who will receive the income and in what proportions. Moreover, the invalid provision is not so inseparably blended with the good one that it cannot be eliminated without destroying the testator's dominant intent.

For the reasons stated we hold that the gift to "aforesaid persons" is severable and valid.

We consider next the question of possible conflict of interest if the trustees distribute income in excess of $50,000 to themselves. As we have already stated the trustees must distribute annually all income in excess of $50,000; they cannot accumulate income to increase the corpus going to charity. But under the clause in question the testator, by

the use of the words "at their discretion and will," has manifested an intent to vest the trustees with discretion to determine which of the "aforesaid persons" are to take income and in what proportions. This creates a possible conflict of interest problem because the trustees are themselves included in the class of "aforesaid persons" and can therefore give themselves all or a part of the income over $50,000.

The facts in this case present a question of first impression in this state. In the case at bar four men have been appointed trustees for themselves and other beneficiaries. The majority of courts in this country have held that equity will not invalidate a trust because of the presence of a trustee who is merely subject to possible criticism as an administrator of the trust. See Bogert, Trusts (2d ed.), §129 at 620. See also *Mettler* v. *Warner*, 243 Ill. 600, 612, 90 N.E. 1099, 1103. A number of these courts, however, have attempted to solve the conflict of interest problem created when the trustee who is to administer the trust has a dual interest.

Some of these courts have determined it proper to remove those trustees who have conflicts of interest and replace them with successor trustees. See Bogert, Trusts (2d ed.), §129 at 630. In the situation before us this remedy would be inadequate since all the trustees are beneficiaries of the trust as will be any of their successors.

Those courts which have allowed trustees with conflicting interests to administer a trust have done so by reasoning as follows: Where a trustee with dual interests is only one of several trustees, the courts have rationalized that those trustees who do not have an interest in the trust as beneficiaries will serve as a check on the interested trustee. See Bogert, Trusts (2d ed.), §129 at 630. This solution is not feasible in the case at bar since all the trustees are beneficiaries of the trust.

The courts have also stated that a trustee with a conflicting interest will be allowed to act where his own interests are not involved, but must remain passive where his own interests are concerned. See Bogert, Trusts (2d ed.), §129 at 630. See also *Robertson* v. *De Brulatour,* 188 N. Y. 301, 317, 80 N.E. 938, 944. In the circumstances of this case where all the trustees are vested with discretion in distributing the net income from the trust in excess of $50,000, only the court can be considered an adequate check on the activities of these trustees.

The problem confronting this court is similar to the one which the New York court of appeals faced in *Rogers* v. *Rogers,* 111 N. Y. 228, 237-38, 18 N.E. 636, 638, where four of five trustees appointed by the testator failed to qualify and where the trustee who did qualify was one of the beneficiaries under the trust. The court of appeals held that although new trustees could have been appointed, it was proper for the court below to have substituted its own discretion for that of the trustee where the trustee's own interests were involved.

We feel that an unbiased administration of the trust in question can best be achieved by allowing the trustees, in the exercise of the discretion vested in them by the testator, to distribute the net income in excess of $50,000 to those beneficiaries who are not also trustees, namely, the testator's wife's nieces, and the daughters and granddaughters of the testator's brother and sisters. In order, however, to safeguard the rights of the other beneficiaries and yet still abide by the testator's intention that the trustees may take as beneficiaries, we are of the opinion that the trustees should ask the superior court to take upon itself the execution of the trust with respect to the distribution of any net income in excess of $50,000 to the trustees. Accordingly, we direct the trustees to apply to the superior court and petition that court to take over their duties whenever they are faced with a possible conflict of interests and to request

the approval of the superior court for any part of the net income in excess of $50,000 which they may determine to pay to themselves.

We come now to the question whether the trustees, or any of them, may, in their discretion, determine the amount, if any, of annual net income in excess of $50,000 to be paid to plaintiffs, Frank Lee Baker and Theodore A. Fisher, in their capacity as executors of the estate of Arthur A. Armington. In the interest of expediting the administration of this trust, we will answer the question even though it may become moot by the refusal of the trustees to exercise their discretion in favor of the estate of Arthur A. Armington.

Arthur A. Armington was a member of the class designated as "aforesaid persons" in the clause in question. Under the terms of the will the trustees are required to distribute all of the net income in excess of $50,000, their discretion being limited to the recipients and the amounts to be paid to them. We believe that the trustees may in their discretion determine the amount of annual net income in excess of $50,000, which accrued prior to the date of his death, to be paid to the estate of Arthur A. Armington. See 2 Scott, Trusts (2d ed.), §128.3 at 937. However, in view of the duality of the positions of trustees Baker and Fisher, we believe that the trustees (1) should apply to the superior court and ask that court to take over their duties with respect to the payment of any net income in excess of $50,000 to Baker and Fisher in their capacity as executors of Armington's estate and (2) should request the approval of the superior court for any part of such net income which they may determine to pay to said estate. We so direct.

Before concluding, we note that although not expressly referred to herein, we have considered all the contentions raised by the parties in their briefs and oral arguments.

The parties may present a judgment to the court in chambers in accordance with this opinion.

## APPENDIX A

NINTH: It is my intention while living, *the income from my "WONDER" machine* permitting, to INVENT some much needed systems of public service: to design, erect and endow a model hospital, a model kindergarten, a model school for boys whose minds are more eager for useful knowledge than their bodies are for *useless* sports, a model Cottage-Village-Home for aged couples.

TENTH: It is therefore my intent and obligation *while living,* to bequeath my gainful affairs and income from same in trust to men who know my mind and my intentions, and who know my business and are drilled and skilled in conducting the same; and therefore I, being of sound and disposing mind, do bequeath all of which I die possessed to three directors of the Wardwell Braiding Machine Company of Central Falls, R. I., to wit:—

Carl V. J. Christensen, Attleboro, Mass.,
Edwin C. Smith, Providence, R. I.
Arthur A. Armington, Providence, R. I., and
Willard W. Bardsley of Providence, R. I.,
IN TRUST FOR THE BENEFIT OF------------

1st. My lawful creditors;
2d. My wife, Mary E. Wardwell, Providence, R. I.;
3d. My sister, Mrs. Margaret B. Crane, Kingwood, West Virginia;
4th. My sister, Mrs. Lucy A. Elliott, Terra Alta, West Virginia;
5th. My sister, Mrs. Carol Lipman, (address unknown to me);
6th. My sister, Miss Hanna Wardwell, Clifton, Mass.;
7th. My brother, Ernest H. Wardwell, Baltimore, Md.;
8th. Carl V. J. Christensen, of Attleboro, Mass.;
9th. Edwin C. Smith, Providence, R. I.;
10th. Arthur A. Armington, Providence, R. I.;
11th. Willard W. Bardsley, Providence, R. I.;
as I shall hereinafter direct.

I direct that my wife shall receive and have all my household goods and chattels.

I direct that all net income of my estate to the amount of six thousand dollars ($6000.00) per annum be delivered to my wife;

That all net income in excess of six thousand dollars ($6000.00) to the amount of ten thousand dollars ($10,-000.00) per annum be delivered to my four sisters and one brother, as aforesaid, in amounts of two thousand dollars ($2000.00) each per annum;

That all net income in excess of sixteen thousand dollars ($16,000.00) to the amount of ten thousand dollars ($10,-000.00) per annum be delivered to themselves, my aforesaid trustees, in amounts of twenty five hundred dollars ($2500.-00) to each per annum;

That all net income in excess of twenty six thousand dollars ($26,000.00) to the amount of four thousand dollars ($4000.00) per annum be delivered to my wife;

That all net income in excess of thirty thousand dollars ($30,000.00) to the amount of five thousand dollars per annum ($5,000.00 per annum) be delivered to my four sisters and one brother in amounts of one thousand dollars ($1000.00) each per annum;

That all net income in excess of thirty five thousand dollars ($35,000.00) to the amount of ten thousand dollars ($10,000.00) per annum to be delivered to themselves, my aforesaid trustees, in amounts of twenty five hundred dollars ($2500.00) to each per annum;

That all net income in excess of forty five thousand dollars ($45,000.00) to the amount of five thousand dollars ($5000.00) per annum be delivered to my wife—and

That all net income in excess of fifty thousand dollars ($50,000.00) be administered in trust and distributed by my trustees aforesaid at their discretion and will for the benefit of all aforesaid persons and for any and all men and women among my employees and acquaintances known to my said trustees to have been loyal to me and my inventions during the hard, up-hill struggle to establish my Wardwell Braiding Machine business.

I direct that upon the death of my wife, her income aforesaid be distributed equally among her three nieces (daughters of her brother Wm. J. Shea of St. Louis, Mo.), and Richard P. Shea, her brother, during their lives.

I direct that upon the death of any one of my sisters, her income be distributed among her daughters and their daughters;

That upon the death of my brother aforesaid his income be distributed among his daughters and theirs; That my trustees, at a date as early as possible, nominate a candidate to serve as trustee upon the death of any one of themselves; so that there may always be four trustees; and to the candidate so selected and elected, upon taking said service, shall apply all obligations and all income provided herein for his predecessor.

After the decease of the last surviving beneficiary named or referred to in this will, I then direct my trustees or their successors to dispose of the entire trust estate in their discretion, in furtherance of my intentions as expressed in the "NINTH" paragraph on page 3.

It is my desire that the trustees aforesaid shall serve as executors and trustees without bond.

## APPENDIX B

19. By reason of the facts hereinbefore alleged, the following questions arise:

A. Are the trustees required (or permitted) to distribute all annual net income of the trust estate which exceeds Fifty Thousand ($50,000) Dollars?

B. If the trustees are required (or permitted) by said will to distribute all annual net income in excess of Fifty Thousand ($50,000) Dollars, are they to distribute the same in proportions determined by them, in their sole discretion, among the surviving members of all of any of the classes constituting (1) the nieces of the testator's wife, (2) the daughters and granddaughters of the testator's sisters and brother, (3) the plaintiff trustees, (4) the plaintiffs, Frank Lee Baker and Theodore A. Fisher, in their capacity as executors of the Estate of Arthur A. Armington, and (5) such person or persons which in the opinion of the trustees meet the description of "employees" or "acquaintances" as these terms are used in paragraph "Tenth" of said will?

C. Do the words "any and all men and women among my employees and acquaintances known to my said trustees to have been loyal to me and my inventions during the hard up-hill struggle to establish my Ward-

well Braiding Machine business" sufficiently describe or identify a class of persons eligible to receive any part of net annual income in excess of Fifty Thousand ($50,000) Dollars?

D. If the trustees are required (or permitted) to distribute any income for the benefit of the class constituting "employees or acquaintances," is any of such income properly distributable to the defendant Lorette Brisson, as executrix of Lucien Jules Geoffroy, deceased?

E. If the trustees are required (or permitted) to distribute any income for the benefit of the class constituting "employees or acquaintances," must the membership of said class be determined solely on the basis of the personal knowledge or may it be determined by information otherwise acquired by the trustees?

F. May the plaintiff trustees, in their discretion, determine the proportion or amount, if any, of annual net income in excess of Fifty Thousand ($50,000) Dollars to be paid to them as beneficiaries of said trust?

G. May the plaintiff trustees, or any of them, in their discretion, determine the proportion or amount, if any, of annual net income in excess of Fifty Thousand ($50,000) Dollars to be paid to plaintiffs, Frank Lee Baker and Theodore A. Fisher, in their capacity as executors of the Estate of Arthur A. Armington?

H. If said plaintiff trustees are eligible to receive gifts out of net annual income in excess of Fifty Thousand ($50,000) Dollars but may not, because of their fiduciary capacities, fix the proportions or amounts of said income payable to them or for their benefit, how and by whom may such proportions or amounts be fixed?

*Jordan, Hanson & Curran, Kirk Hanson, A. Lauriston Parks,* of counsel; *Edward L. Godfrey,* for plaintiffs.

*Edwards & Angell, Knight Edwards, Ronald Lagueux, Raymond J. McMahon, Jr., Eugene T. LaChapelle, Albert E. Tondreau; Herbert F. DeSimone,* Attorney General, *W. Slater Allen, Jr.,* Special Assistant Attorney General, *Fred Brosco, Leroy V. Marcotte,* for defendants.